**ROSENBERG, SHPALL & ZEIGEN, APLC**
David Rosenberg (SBN# 99105)
rsalaw@yahoo.com
Annette Farnaes (SBN# 128701)
afrsalaw@yahoo.com
750 B Street, Suite 3210
San Diego, California  92101
Phone: (619) 232-1826
Fax:   (619) 232-1859

Attorneys for Defendants

**Farnaes & Lucio, APC**
Malte L.L. Farnaes (SBN 222608)
malte@farnaeslaw.com
Christina M. Lucio (SBN 253677)
clucio@farnaeslaw.com
135 Liverpool Drive, Suite C
Cardiff, California 92007
Telephone:  (760) 942-9431

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MOORER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEMGENEX MEDICAL GROUP, INC., a California Corporation; STEMGENEX, INC., a California Corporation; STEM CELL RESEARCH CENTRE, INC., a California Corporation; ANDRE P. LALLANDE, D.O., an individual; SCOTT SESSIONS, M.D., an individual; RITA ALEXANDER, an individual; and Does 1-100,<br><br>Defendants. | Case No.  3:16-cv-02816-AJB-NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br>**[FED. R. CIV. P. 8(A), 9(B) AND 12(B)(6)]**<br><br>Date:  February 16, 2017<br>Time:  2:00 p.m.<br>Courtroom: 3B (3rd Floor- Schwartz)<br>Judge: Hon. Anthony J. Battaglia |

i

# **TABLE OF CONTENTS**

I.    Introduction and Background ...............................................................................1

II.   Plaintiffs' Allegations Against all Defendants Sound in Fraud .........................2

    A.    The Individual Defendants..........................................................................2

    B.    The Corporate Defendants ..........................................................................3

    C.    The Trademark Defendants..........................................................................4

III.  Legal Standard on 12(b)(6) Motions..................................................................4

IV.   Legal Arguments ...............................................................................................5

    A.    The Allegations in the Complaint Against the Nine Defendants "Sound in Fraud" and Are Therefore Governed by Rule 9(b) .................................................5

    B.    The Allegations in the First Amended Complaint Against All Defendants Fail to Satisfy the Requirements of Rule 9(b) and Must be Dismissed.................11

    C.    The Allegations in the Complaint Against All Defendants Fail to Satisfy the Requisites of Rule 8(a) and Thus Should be Dismissed .......................................11

    D.    Plaintiffs' Ninth Cause of Action Under California's Elder Abuse Law Must Be Dismissed.................................................................................................14

        1.    Plaintiffs Lack Standing Under California's Elder Abuse Law. ..............14

        2.    Plaintiffs' Financial Elder Abuse Claim Should Be Dismissed for Failure to State a Claim.............................................................................................15

    E.    Plaintiffs Have Failed to State a Claim Under the Racketeer Influenced and Corrupt Organizations Act. ..........................................................................18

        1.    Plaintiffs Have Failed to Adequately Plead the Predicate Acts...............18

        2.    Plaintiffs Have Failed to Plead a "Pattern of Racketeering" ...................20

    F.    Plaintiffs' Eighth Cause Of Action Should Be Dismissed There Is No Standalone Cause Of Action For Unjust Enrichment Under California Law.......21

V.    CONCLUSION.................................................................................22

i

# TABLE OF AUTHORITIES

C̲ASES̲

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388 (9th Cir. 1989) ------------- 19

*Allstate Life Ins. Co. v. Attisha*, No. 15cv2211 JM(BGS), 2016 U.S. Dist. LEXIS 75544 (S.D. Cal. June 9, 2016) ------------------------------------------------- 21

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) -------------------5, 12, 13, 15

*Asis Internet Servs. v. Subscriberbase Inc.* 2009 U.S. Dist. LEXIS 112852 (N.D. Cal. Dec. 4, 2009)------------------------------------------------------------------ 8

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983) ------------------------------------------------- 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ---------------------------------4, 12

*Bly-Magee* v. *California*, 236 F.3d 1014 (9th Cir. 2001) ------------------------------ 7

*Bosinger v. Belden CDT, Inc*., 358 F. App'x 812 (9th Cir. 2009)-------------------- 22

*Chavers v. GMAC Mortgage, LLC*, 2012 U.S. Dist. LEXIS 85505, 2012 WL 2343202, (C.D. Cal. June 20, 2012)------------------------------------------------- 16

*Davis* v. *Chase Bank U.S.A., NA.*, 650 F. Supp. 2d 1073 (C.D.Cal. 2009) -------- 5, 6

*Durell v. Sharp Healthcare*,183 Cal.App.4th 1350 (2010) --------------------------- 21

*Durning v. Citibank*, 990 F.2d 1133 (9th Cir. 1993)----------------------------------- 20

*Eclectic Properties East LLC v. Marcus & Milli-chap Co*., 2010 WL 384736 (N.D. Cal. 2010) ------------------------------------------------------------------------- 14

*Edwards v. Marin Park. Inc.,* 356 F.3d 1058 (9th Cir. 2004) -------------------6, 8, 19

*FTC* v. *Innovative Mktg., Inc.,* 654 F. Supp. 2d 378 (D.Md. 2009)------------------ 14

*FTC* v. *Swish Mktg.,* 2010 WL 653486 (N.D. Cal. 2010)--------------------- 7, 12, 13

*Guccione v. JPMorgan Chase Bank, N.*A. 2015 U.S. Dist. LEXIS 57700 (N.D. Cal. May 1, 2015) ------------------------------------------------------------------------- 18

*H.J., Inc. v. Northwestern Bell Tel. Co*., 492 U.S. 229 (1989) ----------------------- 20

*Hammond v. Monarch Investors LLC*, 2010 WL 2674401 (S.D. Cal. 2010)------- 14

*Ikuno v. Yip*, 912 F.2d 306 (9th Cir. 1990)---------------------------------------------- 20

ii

*In re All Terrain Vehicle Litig.*, 771 F. Supp. 1057 (C.D. Cal. 1991) -------------- 19

*In re Daou Sys., Inc.,* 411 F.3d 1006, (9th Cir. 2005) ---------------------------- 6

*In re Sony Gaming Networks and Customer Data Security Breach Litigation*,  996

   F.Supp.2d 942 (S.D. Cal. 2014)---------------------------------------------------- 8

*In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399 (9th Cir. 1996)----------------------------- 9

*In re Toyota Motor Corp.* 785 F.Supp.2d 883 (C.D. Cal. 2011) -------------------9, 11

*Jackson v. Ocwen Loan Servicing, LLC* (E.D. Cal. Feb. 8, 2011) 2011 U.S. Dist.

   LEXIS 12816 ----------------------------------------------------------------------- 17

*Kearns* v. *Ford Motor Co.,* 567 F.3d 1120 (9th Cir. 2009) ----------------------- 7, 8, 9

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) --------------------------------------- 5

*Legal Additions LLC v. Kowalski*, 2010 WL 335789 (N.D. Cal. 2010) ------------- 14

*Levine v. Blue Shield of Cal.*, 189 Cal.App.4th 1117 (2010) ------------------------ 21

*Levine v. Entrust Grp., Inc.,* 2013 U.S. Dist. LEXIS 82061, 2013 WL 2606407

   (N.D. Cal. June 11, 2013)------------------------------------------------------------ 9

*Lintz v. Bank of Am., N.A.* 2013 U.S. Dist. LEXIS 139717 (N.D. Cal. Sep. 27, 2013)

   ------------------------------------------------------------------------------------ 16

*Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011) -------------------------------- 15

*Melchoir v. New Line Prods., Inc.,*106 Cal.App.4th 779 (2003) ---------------------- 21

*Meridian Project Systems, Inc.* v. *Hardin Const. Co., LLC,* 404 F. Supp. 2d 1214

   (E.D.Cal. 2005)-------------------------------------------------------------------- 7

*Moore v. Kayport Package Exp. Inc.*, 885 F.2d 531 (9th Cir. 1989) ---------------- 19

*Moran v. Bromma,* 2014 U.S. Dist. LEXIS 12418 (E.D. Cal. Jan. 30, 2014 -----9, 16

*Myers-Armstrong v. Actavis Totowa, LLC*, 382 F. App'x 545 (9th Cir. 2010)----- 22

*Neubronner* v. *Milken,* 6 F.3d 666 (9th Cir. 1993)------------------------------------ 6

*Paslay v. State Farm General Ins. Co.*, 248 Cal.App.4th 639 (2016) -------------- 16

*Ross* v. *Bolton,* 904 F.2d 819 (2d Cir. 1990)------------------------------------------- 6

*Schreiber Distrib. Co., v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393(9th Cir.

   1986)--------------------------------------------------------------------------------9, 19

iii

*Sedima, S.P.R.L. v. Imrex Co., Inc.* 473 U.S. 479 (1985) ---------------------------- 18

*Smith v. Ford Motor Co*., 462 F. App'x 660 (9th Cir. 2011) ------------------------ 22

*Sukonik v. Wright Med. Tech., Inc.* 2015 U.S. Dist. LEXIS 177502 (C.D. Cal. Jan.
26, 2015) ------------------------------------------------------------------------- 9

*Sun Savings & Loan Association v. Dierdorff*, 825 F.2d 187 (9th Cir. 1987) -- 19, 20

*Swartz v. KPMG LLP,* 476 F.3d 756 (9th Cir. 2007) ------------------------------ 11, 21

*Trapp v. Chase Home Fin., LLC*, 2010 U.S. Dist. LEXIS 120232   (C.D. Cal. Nov.
12, 2010) ------------------------------------------------------------------------- 9

*Vess* v. *Ciba-Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003)-------------------- 6, 7

STATUTES

18 U.S.C. § 1341 ------------------------------------------------------------------ 18

18 U.S.C. § 1343 ------------------------------------------------------------------ 19

18 U.S.C. § 1961 ------------------------------------------------------------------ 20

Cal. Bus. & Prof. Code § 17200 --------------------------------------------------- 8

Wel. & Inst. Code § 15610.70 ---------------------------------------------------- 17, 18

RULES

Federal Rule of Civil Procedure, Rule 12(b)(6) -------------------------------- 1, 4

Federal Rule of Civil Procedure, Rule 8(a)(2)---------------------------------4, 12

Federal Rule of Civil Procedure, Rule 9(b) --------------------------------------- 1, 6

I.      **INTRODUCTION AND BACKGROUND**

Defendants move to dismiss Plaintiffs' First Amended Complaint ("FAC"), on file herein as Doc. No. 1-3, on the grounds that it fails to allege sufficient facts to establish liability against them.  First, as to each defendant, the FAC fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure ("FRCP"), Rule 9(b).  Second, Plaintiffs fail to properly plead the requisite elements for establishing liability.

At the outset, Plaintiffs describe the "Nature of Action" herein as false and misleading advertising.  (FAC ¶¶ 1-4.)  Plaintiffs assert that "[t]his action is based primarily upon false and misleading statements made by StemGenex  . . . as well as material omissions."  (FAC ¶70.)  Plaintiffs propose to represent a nationwide class (FAC ¶ 64) against nine (9) different defendants in this action.[1]  Because Plaintiffs' claims all sound in fraud, their allegations must meet the heightened pleading standards of FRCP, Rule 9(b), which requires that the Plaintiffs "must state with particularity the circumstances constituting fraud or mistake."  Here, Plaintiffs' First Amended Complaint suffers from a fatal deficiency, as Plaintiffs lump all nine defendants together into a singularly defined entity that they call "StemGenex" or "Defendants."  (FAC ¶ 1.)   Plaintiffs then generally attribute all allegedly false and misleading conduct to "StemGenex" without specific identification of: which of the nine defendants made which specific statements that Plaintiffs' contend are false, what the content of such statements was, when and where the specific defendant made such statement and how it made such statement.  Accordingly, Plaintiffs completely fail to meet the "who, what, where, when and how" pleading requirement of FRCP 9(b).  As a result, Plaintiffs' FAC should be dismissed as to each defendant under FRCP 12(b)(6) for failure to properly state a claim.

In addition, Plaintiffs have failed to state a claim under the Racketeer

---

[1] The nine defendants are made up of:  3 corporations, 1 limited liability company, 3 individuals, and 2 trademarks or slogans.

1

1  Influenced and Corrupt Organizations Act (RICO Act) and the California Elder

2  Abuse Act because they have not and cannot state the requisite elements of each

3  claim.

4       Accordingly, Defendants respectfully request that Plaintiffs' First Amended

5  Complaint be dismissed in its entirety without leave to amend.

6  **II.**    **PLAINTIFFS' ALLEGATIONS AGAINST ALL DEFENDANTS**

7        **SOUND IN FRAUD**

8       Plaintiffs admit that the "Nature of Action" herein is one of false and

9  misleading advertising (FAC ¶¶ 1-4; see also ¶ 70) and generally allege that

10  "Defendants" or "StemGenex" made false and misleading marketing claims about

11  stem cell treatments and about customer satisfaction surveys.  (FAC ¶ 2.)

12       The problem lies in the fact that the term "Defendants" is defined as

13  "StemGenex Medical Group, Inc., and related persons and entities (collectively,

14  'Defendants' or 'StemGenex')." (FAC ¶ 1.)  In paragraph 23, Plaintiffs reiterate

15  that "***All Defendants*** above, including DOES -100, are collectively referred to in

16  this Complaint as 'StemGenex.'"  (FAC ¶ 23 [emphasis added].)  Thus, all nine

17  defendants are interchangeably referred to as "StemGenex" throughout the FAC,

18  making it impossible to ascertain which of the defendants are alleged to have

19  engaged in what conduct or made what false representations, or upon whose

20  conduct Plaintiffs claim to have relied.[2]

21       Other than the boilerplate alter-ego allegations in Paragraph 24 and 25, the

22  FAC scarcely mentions the nine different defendants or their alleged relationship.

23      **A.**    **The Individual Defendants**

24       The FAC seeks to allege claims against three individuals:  Rita Alexander,

25  Dr. Scott Sessions and Dr. Andre Lallande.  Yet, there is a dearth of allegations

26  _____

27      [2] Notably, all causes of action are alleged "Against All Defendants."  (See FAC

28  generally).

1  identifying their allegedly wrongful conduct.

2          The FAC contains only two sentences that specifically mention Defendant

3  Rita Alexander.  In paragraph 16 of the FAC, Plaintiff alleges *on information and*

4  *belief*, that "[i]t is believed that Ms. Alexander is an owner, operator, and/or

5  controller of StemGenex."  (FAC ¶ 16.)  And in paragraph 26 of the FAC, Plaintiff

6  alleges that "StemGenex was founded by a non-physician, Ms. Alexander."  (FAC

7  ¶ 26.)  Nowhere else in the 39-page FAC is Defendant Alexander ever mentioned.

8          The same is true for Defendants Dr. Sessions and Dr. Lallande who are only

9  alleged *on information and belief* in paragraphs 17 and 18 as owning, operating

10  and/or controlling StemGenex.  (FAC ¶ 17 & 18.)  And in paragraph 27 as two

11  doctors who perform stem cell treatments.  (FAC ¶ 27.)  Nowhere else in the 39-

12  page FAC are Defendants Lallande and Sessions ever mentioned.

13       **B.       The Corporate Defendants**

14          The allegations related to the four corporate defendants suffer from the same

15  fatal deficiencies.

16          The FAC contains only a single paragraph referring specifically to Defendant

17  Stem Cell Research Centre, Inc.  This reference merely identifies Stem Cell

18  Research Centre, Inc. as a California Corporation located in La Jolla, California.

19  (FAC ¶ 15.)

20           Similarly, Defendant StemGenex Biologic Laboratories, LLC is only

21  mentioned once in the First Amended Complaint, and that reference is to identify it

22  as being a California limited liability company.  (FAC ¶ 20.b.)

23          Defendant StemGenex, Inc. is similarly identified only in paragraphs 13 and

24  28 as a California Corporation located in La Jolla, California since 2011.  (FAC ¶¶

25  13 & 28.)  Other than these two paragraphs, StemGenex, Inc. is not specifically

26  referred to in the FAC.

27          Finally, Defendant StemGenex Medical Group, Inc. is identified in paragraph

28  14 as a California Corporation located in La Jolla, California (FAC ¶ 14) and is

3

mentioned in paragraphs 34-36, 38 as an entity about which representations are made by the collectively referenced entity known as "StemGenex."  (FAC ¶¶ 34-36, 38.)  In none of these paragraphs, however, is it alleged that StemGenex Medical Group itself engaged in any misleading or fraudulent conduct.

### C.   **The Trademark Defendants**

Perplexingly, Plaintiffs also name two trademarks as defendants in this action as well.  Paragraph 20.a of the FAC names a reserved trademark as DOE Defendant No. 1 as "Stem Cells . . . The Human Repair Kit" (FAC ¶ 20.a). (*See also*, Request for Judicial Notice ("RJN") at ¶ 1.)   "Stem Cells . . . The Human Repair Kit" is not otherwise named in the complaint.

Paragraph 20.c also names the pseudo trademark of "Stem Genetic" as DOE Defendant No. 3. (FAC ¶ 20.c.)  This pseudo trademark was created by the U.S. Patent and Trademark Office ("USPTO") for purposes of searching conflicting marks.  (RJN at ¶ 2.)  As explained by the USPTO.  "The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks. They have no legal significance and will not appear on the registration certificate."  (Id.)   "Stem Genetic" is not otherwise named in the complaint.

### III.   **LEGAL STANDARD ON 12(B)(6) MOTIONS**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed.R.Civ.P. Rule 8(a)(2).  A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly ("Twombly")*, 550 U.S. 544, 570 (2007).  The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.  *Knievel v. ESPN*, 393

4

F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. 662 , 678, 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

## IV. LEGAL ARGUMENTS

### A. The Allegations in the Complaint Against the Nine Defendants "Sound in Fraud" and Are Therefore Governed by Rule 9(b)

Under Federal Rule of Civil Procedure Rule 12(b)(6), a complaint must be dismissed when the allegations fail to state a claim upon which relief may be granted. When a complaint includes claims for fraud, "a party must state with particularity the circumstances constituting the fraud ... " Fed. R. Civ. P. Rule 9(b). "Rule 9(b) requires that a plaintiff set forth what is false or misleading about a statement, why it is false, including the 'who, what, when, where, and how of the misconduct charged.'" *Davis* v. *Chase Bank U.S.A., NA.,* 650 F. Supp. 2d 1073, 1090 (C.D. Cal. 2009), *quoting Vess* v. *Ciba-Geigy Corp. USA,* 317 F.3d 1097,

5

1106 (9th Cir. 2003).  The complaint must include an account of the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Edwards* v. *Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted); *see also Neubronner* v. *Milken,* 6 F.3d 666,672 (9th Cir. 1993) (fraud allegations must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.").

"Rule 9(b)' s heightened pleading requirement 'safeguards defendant's reputation and goodwill from improvident charges of wrongdoing…"  *Vess,* 317 F.3d 21 at 1104, *quoting Ross* v. *Bolton,* 904 F.2d 819, 823 (2d Cir. 1990).

In the Ninth Circuit, Rule 9(b) applies:

(1)  when a complaint specifically alleges fraud as an essential element of a claim,

(2)  when the claim "sounds in fraud" by alleging that the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential element, and

(3)  to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud."

*Davis,* 650 F. Supp. 2d at 1089-90, *citing Vess* v. *Ciba-Geigy Corp. USA,* 317 F.3d 2 1097, 1102-06 (9th Cir. 2003).

As such, in the Ninth Circuit, a claim for relief need not be synonymous with fraud to be subject to the requirements of Rule 9(b).  Rather, it need only "sound in fraud."  *Id.*  A complaint sounds in fraud where it alleges a "unified course of fraudulent conduct and re[lies] entirely on that course of conduct as the basis of a claim."  *In re Daou Sys., Inc.,* 411 F.3d 1006, 1027 (9th Cir. 2005), *quoting Vess, 317* F.3d at 1103.  Even where the entire asserted claim for relief does not sound in fraud, "if particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim.  The

6

court should then examine the allegations that remain to determine whether they state a claim." *Vess,* 317 F.3d at 1105.  The "rationale behind [the "sounds in fraud"] standard rests on the preference for substance over form: where a complaint alleges conduct which in effect amounts to fraud, Defendants are entitled for policy reasons to the enhanced reliability and notice that accompany more detailed pleadings." *FTC* v. *Swish Mktg.,* 2010 WL 653486 at *3 (N.D. Cal. 2010), *citing Bly-Magee* v. *California,* 236 F.3d 1014, 1018 (9th Cir. 2001).

In this case, the Plaintiffs' allegations against the nine defendants plainly "sound in fraud," thus implicating Rule 9(b).  Plaintiffs assert that "[t]his action is based primarily upon false and misleading statements made by StemGenex about consumer satisfaction and efficacy of its Stem Cell Treatments via its primary point of contact with consumers, its website (www.stemgenex.com), as well as material omissions."  (FAC ¶ 70.)   Thus, all causes of action in the complaint stem from Plaintiffs' overarching assertion that defendants have not "told the truth" and that they have made "false statements and misleading statements and made material omissions." (FAC ¶¶ 60-61.)  Thus, misrepresentation or fraud *necessarily* forms the very essence of each of Plaintiffs' claims.  "It is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."  *Meridian Project Systems, Inc.* v. *Hardin Const. Co., LLC,* 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005).

Courts in the Ninth Circuit have consistently applied Rule 9(b) to false advertising claims and analogues state law claims, even where a plaintiff "neither needed to prove nor alleged all elements of common law fraud." *See Swish Mktg.,* 2010 WL 653486 at *4.   For example, in *Kearns v. Ford Motor Co.,* the Ninth Circuit found that the California Unfair Competition Law ("UCL") and the Consumer Legal Remedies Act ("CLRA") required heightened pleading under Rule 9(b).  *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124-27 (9th Cir. 2009).   The UCL prohibits "unlawful, unfair, or fraudulent business act[s] or practices" and

7

"unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  The Ninth Circuit noted that "Rule 9(b)'s particularity requirement applies to [this] state-law cause[] of action.   In fact, we have specifically ruled that 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." *Kearns,* 567 F.3d at 1125 (citations omitted).  The Ninth Circuit observed in *Kearns* that even though fraud is "not a necessary element of a claim under the CLRA and UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct." *Id.*  The focus is on the pleading as a whole: "[a] plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.*  In *Kearns,* the Ninth Circuit expressly found that the plaintiff's complaint "allege[d] a unified course of fraudulent conduct, namely that [defendant] and its 'co-conspirator' dealerships knowingly *misrepresent[ed] to the public* that [its] vehicles are safer and more reliable, with an intent to induce reliance and defraud customers," and upheld its dismissal by the district court pursuant to Rule 9(b). *Id.* at 1127 (emphasis added).

Similarly, the Ninth Circuit has also applied Rule 9(b)'s heightened pleading standards to complaints under California's False Advertising law because the allegations were "grounded in fraud," even though some elements of common law fraud were not required. *Asis Internet Servs. v. Subscriberbase Inc.* 2009 U.S. Dist. LEXIS 112852, at \*7 (N.D. Cal. Dec. 4, 2009);  *In re Sony Gaming Networks and Customer Data Security Breach Litigation*,  996 F.Supp.2d 942, 989 (S.D. Cal. 2014).   Additionally, in the Ninth Circuit, all RICO claims involving fraud must be alleged with particularity under Rule 9(b). *Edwards v. Marin Park. Inc.,* 356 F.3d 1058, 1065–66 (9th Cir. 2004) (stating that Rule 9(b) applies equally to civil RICO claims and that the plaintiff must state with particularity the circumstances constituting the fraud); *Schreiber Distrib. Co., v. Serv-Well Furniture Co., Inc.*, 806

8

F.2d 1393, 1401 (9th Cir. 1986) (stating that allegations of wire fraud must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme); *In re Toyota Motor Corp.* 785 F.Supp.2d 883, 918 (C.D. Cal. 2011).  The same is true of Plaintiff's Elder Abuse claim.  *Moran v. Bromma,* 2014 U.S. Dist. LEXIS 12418, at *12-13 (E.D. Cal. Jan. 30, 2014, citing *Levine v. Entrust Grp., Inc.,* 2013 U.S. Dist. LEXIS 82061, 2013 WL 2606407, at *5 (N.D. Cal. June 11, 2013) (noting that the Ninth Circuit "has held that Rule 9(b) prevents plaintiffs from lumping defendants together for the purposes of fraud allegations")); see also *Trapp v. Chase Home Fin., LLC*, 2010 U.S. Dist. LEXIS 120232, at *14  (C.D. Cal. Nov. 12, 2010).  Similarly, Plaintiff's Health & Safety Code claim for "human experimentation" is also based on allegations that Plaintiffs were "misled" and subject to fraud and deceit.  (FAC ¶¶ 113 & 116.)  In addition, where, as here, the negligent misrepresentation claim sounds in fraud, Rule 9(b)'s heightened pleading standard also applies.  *Sukonik v. Wright Med. Tech., Inc.* 2015 U.S. Dist. LEXIS 177502, at *51-52 (C.D. Cal. Jan. 26, 2015) (collecting cases).

Here, the purposes of Rule 9(b) are best served by finding that the rule applies to the claims asserted by Plaintiffs against each of the nine defendants. Rule 9(b) serves three purposes: (1) to provide Defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Kearns,* 567 F.3d at 1125, *quoting In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir. 1996). These purposes are met by applying the rule here.

First, none of the named defendants have been provided with adequate notice of the charges against them. The FAC fails to provide even a general outline of each specific defendant's role in the alleged misconduct.  Where, as here, the

plaintiffs have failed to identify a single tangible act by any specific defendant, the defendants have no notice of what they supposedly did wrong.  Accordingly, Defendants are prejudiced in their ability to respond to these allegations and prepare their defense.  The Plaintiffs apparently hope to discover misconduct by each defendant during the course of litigation.  This situation presents precisely the fishing expedition that Rule 9(b) seeks to prevent.

Second, the Defendants' reputations are being seriously harmed by the charges of a nationwide "fraud" and "a scheme" leveled against them in this class action lawsuit.  The public is not likely to draw a legal distinction between common law fraud and deception causing consumer injury.  By virtue of this lawsuit, and Plaintiffs' counsel's statements to the Los Angeles Times newspaper (see generally FAC ¶ 30) about bringing this consumer class action to combat "snake oil", each of the defendants' reputations in the community is being harmed just as severely as if the Plaintiffs had accused them of common law fraud (which it also does in the sixth cause of action).

Third, charging the nine separate defendants with violating the UCL laws, the False Advertising Laws; Consumer Legal Remedies Act; the Racketeer Influenced and Corrupt Organizations Act, the Health and Safety Code, the Elder Abuse laws, as well as common law fraud and negligent misrepresentation laws without any supporting factual allegations, apart from their alleged alter-ego roles of one another unjustly imposes both social costs on the defendants as well as unnecessary economic court costs on this Court, the defendants and taxpayers.

Accordingly, where, as here, the Plaintiffs' suit against the nine defendants necessarily "sounds in fraud," it must be pled with particularity pursuant to Rule 9(b).

**B.** **The Allegations in the First Amended Complaint Against All Defendants Fail to Satisfy the Requirements of Rule 9(b) and Must be Dismissed.**

Plaintiffs' factual allegations are insufficient to state a claim against each Defendant, as the allegations unquestionably fail to meet the particularity requirements of Rule 9(b).  As indicated above, the specific defendants are identified, but otherwise barely mentioned by name in the remainder of the allegations in the FAC.  The FAC falls far short in alleging what, if anything, each individual defendant actually *did.*  The FAC does not answer any of the following: What were their parts in conceiving and/or directing the implementation of the alleged misconduct?  What were their responsibilities relating to the alleged conduct?  What was the nature of their alleged participation in the alleged violations?  The FAC alleges no facts regarding any tangible acts by any specific defendant.   The Plaintiffs' allegations simply do not differentiate between conduct committed by each individual defendant.  Instead, the FAC indicts all defendants interchangeably.  Rule 9(b) does not permit this type of pleading.  *Levine,* 2013 U.S. Dist. LEXIS 82061, 2013 WL 2606407, at *5 (noting that the Ninth Circuit "has held that Rule 9(b) prevents plaintiffs from lumping defendants together for the purposes of fraud allegations")).   Indeed, a plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud. *In re Toyota Motor Corp.* 785 F.Supp.2d 883, 919 (C.D. Cal. 2011) citing *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).

Accordingly, the Plaintiffs' claims for relief as against each defendant should be dismissed for failure to satisfy Rule 9(b), and, as such, failure to state a claim upon which relief may be granted.

**C.** **The Allegations in the Complaint Against All Defendants Fail to Satisfy the Requisites of Rule 8(a) and Thus Should be Dismissed**

Apart from the stricter pleading standards of Rule 9(b), the Plaintiffs' factual

11

allegations fail even to satisfy the requisites of Rule 8(a), as discussed by the United States Supreme Court and the FAC must consequently be dismissed.

To state a claim for relief, Rule 8(a)(2) demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a)(2).  The Supreme Court has identified a "two-pronged approach" for determining the legal sufficiency of a complaint under Rule 8(a)(2) in the face of a Rule 12(b)(6) motion to dismiss.  *Iqbal*, 556 U.S. at 678-79 (*referencing Twombly*, 550 U.S. 544).

First, the district court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678, *quoting Twombly,* 550 U.S. at 555.  Although the Rule 8 pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Iqbal,* at 678. (internal quotation marks and citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Twombly,* 550 U.S. at 555.

Second, the court should assume the veracity of any "well-pleaded factual allegations" and then determine "whether they plausibly give rise to an entitlement to relief." *Iqbal,* at 679.  "Weighing a claim's plausibility is ordinarily a task well-suited to the district court but, where the well-pleaded facts do not permit the court to infer more than a mere *possibility* of misconduct, the complaint has not shown the pleader is entitled to relief." *FTC* v. *Swish Mktg.,* 2010 WL 653486 at *6 (N.D. Cal. 2010).

In this case, the FAC fails to meet the requirements of either prong.  First, the

12

1   Plaintiffs' First Amended Complaint is improperly reliant on boilerplate language,

2   which does not satisfy the requirements of Rule 8.  The *only* mentions of each

3   separate defendant are allegations of their identity and that all the entity defendants

4   are the alter egos of all the individual defendants.  (FAC ¶ 24.)  This amalgam of all

5   defendants is an inadequate "naked assertion," *see Iqbal*, 556 U.S. at 678, and must

6   be disregarded.

7       By way of example, in *FTC* v. *Swish Marketing,* the FTC brought claims

8   against the CEO of a corporation for an alleged violation of Section 5(a) of the FTC

9   Act.  *FTC* v. *Swish Mktg.,* 2010 WL 653486 (N.D. Cal. 2010).   In *Swish*

10  *Marketing,* the FTC expressly mentioned the CEO's name only one time in the

11  entire complaint and, identical to the present action, made identical boilerplate

12  allegations that the CEO "formulated, directed, controlled, had the authority to

13  control, or participated" in the misconduct.  *Id.* at *6.  The court found that "the

14  'factual' allegations alleged against [the CEO] ... [were] cursory at best," and

15  dismissed the complaint pursuant to Rules 8(a)(2) and 12(b)(6).  *Id.* at *2, 7.  The

16  same "threadbare" recitations of elements and legal conclusions, found to be

17  insufficient in *Swish Marketing,* are also insufficient here.

18      Third, even if the FAC's allegations were well-pleaded, it still fails to state a

19  plausible claim for relief.  "A claim has facial plausibility when the plaintiff pleads

20  factual content that allows the court to draw the reasonable inference that the

21  defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 663, *citing*

22  *Twombly,* 550 U.S. at 556.  "Where a complaint pleads facts that are 'merely

23  consistent with' a defendant's liability, it 'stops short of the line between possibility

24  and plausibility of entitlement to relief.'"  *Iqbal,* 556 U.S. at 678, *quoting Twombly,*

25  550 U.S. at 556-57.  Here, Plaintiffs have not made a single factual allegation

26  establishing the involvement of any specific defendant beyond their corporate

27  existence and statuses as individual owner/operators.

28      A claim against a corporate official must plead *a factual context* from which

13

the court "is able to infer that [the official] was ***aware of and complicit in***, the

enterprise's unlawful conduct."  *FTC* v. *Innovative Mktg., Inc.,* 654 F. Supp. 2d

378,388 n.3 (D. Md. 2009) (emphasis added).  In *Innovative Marketing, Inc.,* the

district court was able to infer awareness and complicity because "the allegations

describing the mechanics of the Enterprise's scheme reveal[ed] the critical

[supportive facts]" to support an interference of [the CEO's] involvement.  *Id.*  In

contrast, the FTC's complaint in *Swish Marketing* fell short because it presented

*"virtually **[no]** facts"* tying the CEO to the misconduct. *Swish Mktg.,* 2010 WL

653486 at *8 (emphasis added).  The Plaintiffs' First Amended Complaint here

fails for the same reason. The assertion of the individual defendants' alleged roles

as owners or operators of all the other corporate entities is simply not enough.

Fourth, the Plaintiffs' threadbare allegations of alter ego (FAC ¶¶ 24-25) also

fail to state a claim for relief under Rule 8(a) because they state "only conclusory

factual content".  *Legal Additions LLC v. Kowalski*, 2010 WL 335789 at *6-7 (N.D.

Cal. 2010); *see also, Eclectic Properties East LLC v. Marcus & Milli-chap Co*.,

2010 WL 384736 at *4 (N.D. Cal. 2010); *Hammond v. Monarch Investors LLC*,

2010 WL 2674401 at *5 (S.D. Cal. 2010).  This is insufficient to meet the

requirements of Rule 8.

### D.   Plaintiffs' Ninth Cause of Action Under California's Elder Abuse Law Must Be Dismissed.

In asserting their Ninth Cause of Action, Plaintiffs seek to bootstrap the very

serious allegation of elder financial abuse to their claims of false advertising in this

consumer class action.   Not only is this claim entirely without merit, but the claim

must fail because Plaintiffs do not have standing to pursue such claim and, in any

event, have failed to plead the requisite elements under the statute.

#### 1.   Plaintiffs Lack Standing Under California's Elder Abuse Law.

Whether or not a plaintiff has stated a basis for statutory standing is tested

14

under Rule 12(b)(6).   A lack of statutory standing requires dismissal for failure to state a claim.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

It is axiomatic that only an "elder" may assert a claim for elder abuse under the state's Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welfare and Institutions Code section 15610 *et seq*.  Welfare and Institutions Code section 15610.27 defines an "elder" as "any person residing in this state, 65 years of age or older."   Thus, in order to state a claim under the statute, the allegedly abused person must be (1) the requisite age and (2) a resident of California.

Here, Plaintiffs allege that "Stephen Ginsberg [] is a resident of the State of Florida, who traveled to San Diego, California after relying on StemGenex's website, in order to have Stem Cell Treatment."  (FAC ¶ 9.)  As such, Mr. Ginsberg does not have standing to bring an elder abuse claim under the plain language of the statute.  Plaintiffs' later conclusory allegation that "Ginsberg… resided in California" is entirely unsupported by the factual allegations pled and admitted by Plaintiffs.   Plaintiffs cannot avoid dismissal by the assertion of this conclusory contention.  *See, Iqbal* 556 U.S. at 678 [Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" are sufficient to withstand dismissal.")  Indeed, when, as here, allegations are merely "conclusory," they are "not entitled to be assumed true."  *Iqbal,* 556 U.S. at 680-81.

Accordingly, Plaintiffs' ninth cause of action should be dismissed in its entirety without leave to amend.

## 2.   Plaintiffs' Financial Elder Abuse Claim Should Be Dismissed for Failure to State a Claim.

To plead a claim for elder abuse the plaintiff must establish that a "taking" occurred.  In relevant part, section 15610.30 of California Welfare and Institutions Code provides that:

15

(a)    "Financial abuse" of an elder or dependent adult occurs when person or entity does any of the following:

(1)  Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

…

(3)  Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70.

Subdivision (b) of section 15610.30 imposes an additional requirement beyond the existence of improper conduct, namely, that "the person or entity knew or should have known that this conduct is likely to be harmful to the elder … adult." *Paslay v. State Farm General Ins. Co.*, 248 Cal.App.4th 639, 657 (2016).

Financial elder abuse claims must be pleaded with particularity. *Lintz v. Bank of Am., N.A.* 2013 U.S. Dist. LEXIS 139717, at *25-26 (N.D. Cal. Sep. 27, 2013) citing *Chavers v. GMAC Mortgage, LLC*, 2012 U.S. Dist. LEXIS 85505, 2012 WL 2343202, at *7 (C.D. Cal. June 20, 2012).)  Critically, there are no allegations in the First Amended Complaint identifying which of the nine defendants allegedly "took, secreted, appropriated, or retained funds" from elderly individuals or which "knew or should have known" that any of the alleged conduct was harmful as required by statute.   (*See* FAC, ¶ 23 [collectively referring to all Defendants including DOES 1-100 as "StemGenex"].)  Where, as here, a plaintiff's Elder Abuse claim is grounded in fraud and it fails to distinguish between Defendants as required by Federal Rule of Civil Procedure 9(b) it should be dismissed.  *Moran,* 2014 U.S. Dist. LEXIS 12418, at *12-13 citing *Levine,* 2013 U.S. Dist. LEXIS 82061, 2013 WL 2606407, at *5 (N.D. Cal. June 11, 2013).  Indeed, Plaintiffs here have not and cannot allege specific facts regarding conduct by each Defendant giving rise to the elder abuse claim.   Thus, this claim should be dismissed without leave to amend.

Further, as detailed above in Sections IV. A and B herein, Plaintiffs have

16

1    entirely failed to plead fraud with the specificity required by Rule 9(b).  They have

2    failed to plead sufficient facts to suggest Defendants forced Mr. Ginsberg, with

3    intent to defraud or by undue influence, to pay Defendants money in exchange for

4    no real consideration as they conclusorily allege.  (See, FAC ¶ 166; *Jackson v.*

5    *Ocwen Loan Servicing, LLC* (E.D. Cal. Feb. 8, 2011) 2011 U.S. Dist. LEXIS

6    12816, at *14.)   Thus, they have not adequately pled an intent to defraud.

7    Moreover, there is no allegation in the complaint that Defendants took anything for

8    a "wrongful use."   Accordingly, Plaintiffs cannot state a claim under WIC

9    15610.30(a)(1).

10           Plaintiffs conclusory claim that Defendants "stood in a position of trust to the

11   Elder Subclass" and "unduly influenced them to give money in

12   exchange for no real consideration" (FAC ¶ 166) is also insufficient to meet the

13   requirements of the statute.  "Undue influence" under the statute means "excessive

14   persuasion that causes another person to act or refrain from acting by overcoming

15   that person's free will and results in inequity."  (Wel. & Inst. Code § 15610.70(a).)

16   In determining whether a result was produced by undue influence, all of the

17   following are to be considered: (1) the vulnerability of the victim; (2) the

18   influencer's apparent authority; (3) the actions or tactics used by the influencer; and

19   (4) the equity of the result.  (Wel. & Inst. Code § 15610.70(a)(1)-(4).)  Evidence of

20   an inequitable result, without more, is not sufficient to prove undue influence.

21   (Wel. & Inst. Code § 15610.70(b).)

22           Per the First Amended Complaint, the alleged misrepresentations were

23   communicated to Plaintiffs solely via website advertising and internet ads.  (See,

24   FAC ¶¶ 31-44, 61.)   By their own volition, Plaintiffs allegedly reviewed the

25   statements on the website and subsequently decided to seek treatment.  (FAC ¶¶ 8-

26   9.)  These allegations confirm that Defendants did not occupy a position of trust

27   and had no special relationship with Plaintiffs, had no apparent authority over

28   Plaintiffs, and did not exert any undue influence.   No actions or tactics of control,

17

coercion, affection, intimidation, haste or secrecy were undertaken.  In fact, according to Plaintiffs, Defendants are alleged to have only posted a website for prospective purchasers of Stem Cell Treatments to review.  As a matter of law, this is simply not enough to establish undue influence.  *See* Wel. & Inst. Code §15610.70; see also *Guccione v. JPMorgan Chase Bank, N.*A. 2015 U.S. Dist. LEXIS 57700, at *60 (N.D. Cal. May 1, 2015) [finding no allegations of undue influence where plaintiff failed to allege that Defendant used excessive persuasion that caused plaintiff to act or refrain from acting by overcoming plaintiff's free will and resulted in inequity].

Accordingly, Plaintiffs' ninth cause of action must be dismissed for failure to state a claim.

## E.      Plaintiffs Have Failed to State a Claim Under the Racketeer Influenced and Corrupt Organizations Act.

Plaintiffs' fifth cause of action seeks to transform a standard fraud claim into a federal claim under the Racketeer Influenced and Corrupt Organization Act ("RICO").  RICO prohibits "any person employed by or associated with any enterprise, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity [known as predicate acts]." *Sedima, S.P.R.L. v. Imrex Co., Inc.* 473 U.S. 479, 496 (1985).  Plaintiffs' attempt to plead a RICO claim is deficient in several respects, as discussed below.

### 1.      Plaintiffs Have Failed to Adequately Plead the Predicate Acts

In support of their RICO claim, Plaintiffs broadly allege Defendants engaged in the predicate acts of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343. (FAC ¶ 132.) These predicate acts are grounded in fraud. Accordingly, Plaintiffs' must allege the predicate acts of mail fraud and wire fraud with

18

particularity under Rule 9(b), which they did not.

To allege a violation of mail and wire fraud statutes under 18 U.S.C. §§ 1341 and 1343, a plaintiff must show (1) a scheme to defraud, (2) use of either the U.S. mails or interstate wires in furtherance of the fraud, and (3) specific intent to defraud. *Sun Savings & Loan Association v. Dierdorff*, 825 F.2d 187, 195 (9th Cir. 1987).

Under Ninth Circuit law, RICO claims based on predicate violations of mail and wire fraud must be dismissed where the allegations related to the predicate acts fail to state a claim for violation of the mail and wire fraud statutes. *See Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) (Rule 9(b) "applies to civil RICO fraud claims.") (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)); *In re All Terrain Vehicle Litig*., 771 F. Supp. 1057, 1059-60 (C.D. Cal. 1991) (applying 9(b) to predicate acts of mail fraud, wire fraud, and interstate transportation of stolen property). Thus, to withstand a motion to dismiss, the plaintiff must allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986); *Moore v. Kayport Package Exp. Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (same).

Plaintiffs fail to plead mail or wire fraud, or any instance of fraud, with any particularity. In paragraph 133, Plaintiffs simply recite in conclusory terms that "hundreds or thousands of mail and interstate wire communications" were used in the scheme to defraud. (FAC ¶ 133.) Notably, the FAC does not allege which of the nine Defendant sent the mail or wire communications, when (other than sometime between December 2013 and the filing of the complaint) and to whom the communications were made, and what exactly the communications said – nor does the FAC allege how those communications were part of a scheme (whatever that may be) to defraud Plaintiffs. For these reasons, the predicate acts allegations are

19

1    wholly insufficient under Rule 9(b).

2             **2.      Plaintiffs Have Failed to Plead a "Pattern of Racketeering"**

3         Likewise, Plaintiffs' allegations do not establish a pattern of racketeering

4    sufficient to state a RICO claim. Under section 1962(c), a plaintiff must establish a

5    "pattern of racketeering activity." A "pattern of racketeering activity" is defined as

6    at least two predicate acts, within ten years of each other. 18 U.S.C. § 1961(5).  The

7    Supreme Court has held that the "pattern" requirement can be met by showing: 1)

8    "that the racketeering predicates are related;" and 2) that the predicates "amount to

9    or pose a threat of continued criminal activity." *H.J., Inc. v. Northwestern Bell Tel.*

10   *Co.*, 492 U.S. 229, 239 (1989). The Ninth Circuit has "adopted a test for pattern

11   which inquires whether the predicate acts are sporadic or isolated. If they are

12   isolated or sporadic, then they cannot form a 'pattern.'" *Ikuno v. Yip*, 912 F.2d 306,

13   309 (9th Cir. 1990) (citing *Sun Savings & Loan,* 825 F.2d at 194.)

14        The pattern alleged by Plaintiffs completely fails to meet this standard. Here,

15   Plaintiffs allege mail and wire fraud as Defendants' predicate acts. But Plaintiffs'

16   only allegation regarding the predicate acts is Defendants' posting of allegedly

17   misleading statistics on its website relating to customer satisfaction. (FAC ¶¶ 52,

18   131.) At most, the website posting, which allegedly led to the distribution of

19   misleading statements to Plaintiffs, only constitutes a single predicate act. *See*

20   *Durning v. Citibank*, 990 F.2d 1133, 1139 (9th Cir. 1993) (holding that predicate

21   acts arising from a single event, the dissemination of a misleading document, did

22   not satisfy continuity requirement).  Because the second prong of the "pattern"

23   element– requiring continuity – cannot be met here based on a solitary website

24   posting, Plaintiffs' allegations do not establish a pattern of fraudulent acts.

25        Even if the Court were to find that Plaintiffs alleged at least two predicate

26   acts, the FAC does not allege that *each* of the Defendants committed two predicate

27   acts under section 1962(c). To establish a "pattern of racketeering," Plaintiffs must

28   allege that each of the individual defendants committed two or more predicate acts

of racketeering activity. Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz*, 476 F.3d at 764.  Rather, a plaintiff must identify each defendant's role in the alleged scheme to defraud. *Id*. at 765. Here, the allegations of the FAC broadly allege a single predicate act against *all* Defendants, which is insufficient to allege a RICO claim against *any* Defendant individually.

As shown above, Plaintiffs' attempt to transform a standard fraud claim into a RICO claim is deficient in many respects. Accordingly, the fifth cause of action must be dismissed for failure to state a claim.

## F.    Plaintiffs' Eighth Cause Of Action Should Be Dismissed There Is No Standalone Cause Of Action For Unjust Enrichment Under California Law.

Plaintiffs' eighth cause of action purports to assert an independent cause of action for unjust enrichment. But as state and federal courts – including the Ninth Circuit and this Court – have held, California law does not recognize this theory as an independent cause of action.  For example, in *Durell v. Sharp Healthcare*,183 Cal.App.4th 1350 (2010), the Court of Appeal explained that "there is no cause of action in California for unjust enrichment." *Id.* at 1370 (quoting *Melchoir v. New Line Prods., Inc.,*106 Cal.App.4th 779, 793 (2003); see also *Levine v. Blue Shield of Cal.*, 189 Cal.App.4th 1117, 1138 (2010) (same).  This Court likewise has held that "California law does not recognize a standalone cause of action for unjust enrichment. 'The phrase "Unjust Enrichment" does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.'" *Allstate Life Ins. Co. v. Attisha*, No. 15cv2211 JM(BGS), 2016 U.S. Dist. LEXIS 75544, at *4 (S.D. Cal. June 9, 2016) (quoting *Melchoir,* 106 Cal.App.4th at 793.)

The Ninth Circuit has also confirmed that unjust enrichment "is not an independent cause of action in California." *See Smith v. Ford Motor Co*., 462 F.

App'x 660, 665 (9th Cir. 2011); *Myers-Armstrong v. Actavis Totowa, LLC*, 382 F.

App'x 545, 548 (9th Cir. 2010) ("In California, '[t]here is no cause of action for

unjust enrichment.'"); *Bosinger v. Belden CDT, Inc.*, 358 F. App'x 812, 815 (9th

Cir. 2009) (same).)  In light of this binding authority, Plaintiffs' purported cause of

action for unjust enrichment must be dismissed.

## V.      CONCLUSION

For the reasons set forth above, Defendants respectfully request that

Plaintiffs' FAC be dismissed in its entirety without leave to amend.

Respectfully submitted this 22nd Day of November, 2016.

FARNAES & LUCIO,
A Professional Corporation


By:  /Malte L. L. Farnaes/
       Malte L. L. Farnaes
       Attorney for Defendants

ROSENBERG, SHPALL & ZEIGEN
A Professional Legal Corporation


By:  /Annette Farnaes/
       Annette Farnaes
       Attorney for Defendants