Janice F. Mulligan (State Bar No. 99080)
mulligan@janmulligan.com
Elizabeth A. Banham (State Bar No. 131734)
banham@janmulligan.com
Brian K. Findley (State Bar No. 251172)
findley@janmulligan.com
**MULLIGAN, BANHAM & FINDLEY**
2442 Fourth Avenue, Suite 100
San Diego, CA 92101
Tel: (619)238-8700
Fax: (619)238-8701

A.Mark Pope (State Bar No. 77798)
pope@popeberger.com
Harvey C. Berger (State Bar No. 102973)
berger@popeberger.com
**POPE, BERGER, WILLIAMS & REYNOLDS, LLP**
401 B Street, Suite 2000
San Diego, California 92101
619/595-1366; Fax 619/236-9677

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MOORER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>STEMGENEX MEDICAL GROUP, INC., a California Corporation; STEMGENEX, INC., a California Corporation; STEM CELL RESEARCH CENTRE, INC., a California Corporation; ANDRE P. LALLANDE, D.O., an Individual; SCOTT SESSIONS, M.D., an Individual; RITA ALEXANDER, an Individual; and DOES 1-100,<br><br>    Defendants. | Case No. 3:16-cv-02816-AJB-NLS<br><br>**DECLARATION OF ELIZABETH A. BANHAM, ESQ., IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:    April 13, 2017<br>Time:    2:00 p.m.<br>Judge:   Hon. Anthony J. Battaglia<br>Dept:    3B (3rd Floor-Schwartz) |

DECLARATION OF ELIZABETH A. BANHAM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
*Case No.   3:16-CV-02816-AJB-NLS*

1

I, ELIZABETH A. BANHAM, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and I am admitted to practice before the United States District Court for the Southern District of California. I am one of the attorneys with the privilege of representing the Plaintiffs in this matter.

2. As of the writing of this declaration on February 10, 2017, the satisfaction ratings in the ads for StemGenex as complained in the Second Amended Complaint still show on-line as updated "through October, 2016." These ads by Defendants are viewable in full on-line, www.stemgenex.com ,with past iterations of the StemGenex web page on web archives as at https://archive.org/web , search term https://stemgenex.com . (See Request for Judicial Notice.) Past company webpages, as published at various times, can be accessed through that internet archive, which is also known as the "Wayback Machine."

3. These addresses are offered not for the truth of the content posted, but to show *what* was posted at various times throughout the Class Period, as relating to allegations and context of the Second Amended Complaint, and to prove the inaccuracy of a claim made by Defendants in their Motion to Dismiss. The parties cannot dispute the fact/authenticity of the web postings themselves and Defendants have in fact themselves raised website **wording** in their motion. Defendants have urged the Court to accept a particular disclaimer tag line showing now on the website (Defendants' Motion, p. 17, ll. 25-28, p. 18, ll.1-22) in consideration of their arguments and seek to have the disclaimer absolve them.

4. As can be clearly seen on the public web *archive*, the disclaimer tag line about satisfaction data being based on "patient exit surveys" **was not added to the**

DECLARATION OF ELIZABETH A. BANHAM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
Case No.  3:16-CV-02816-AJB-NLS

2

**StemGenex web advertising until between Nov. 25, 2015 and May 16, 2016**. The putative Class Period in this case, chosen because of the origination of the statistics postings that are at issue, began **at least** almost two years before that, on **Dec. 8, 2013.** (SAC ¶64). This can be seen and independently authenticated by viewing the web archive at the above URL for StemGenex for dates before May 16, 2016, and which has been preserved for trial in this matter.

5. Plaintiffs are disputing that the attempted disclaimer tag line rectifies in any way StemGenex' false and misleading advertising. But, it is important to know that this issue raised in the Defendants' motion does not apply to the full Class Period. Before the tag, for at least two years of the Class Period, there was nothing to even *attempt* to limit or disclaim the pronouncements of 100% satisfaction/0% dissatisfaction. The tardy tag is still woefully insufficient and the ads are still false and misleading.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 2-10-17                              *s/ Elizabeth A. Banham*

                                            ELIZABETH A. BANHAM