1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ROSENBERG, SHPALL & ZEIGEN, APLC**
David Rosenberg (SBN# 99105)
rsalaw@yahoo.com
Annette Farnaes (SBN# 128701)
afrsalaw@yahoo.com
750 B Street, Suite 3210
San Diego, California 92101
Telephone: (619) 232-1826
Facsimile: (619) 232-1859

**FARNAES & LUCIO, APC**
Malte L.L. Farnaes (SBN 222608)
malte@farnaeslaw.com
Christina M. Lucio (SBN 253677)
clucio@farnaeslaw.com
2235 Encinitas Blvd., Suite 210
Encinitas, California 92024
Telephone:   (760) 942-9431

Attorneys for Defendants

*Additional counsel listed on following page*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SELENA MOORER, individually and on behalf of all others similarly situated,

                Plaintiffs,

      v.

STEMGENEX MEDICAL GROUP, INC., a California Corporation; STEMGENEX, INC., a California Corporation; STEM CELL RESEARCH CENTRE, INC., a California Corporation; ANDRE P. LALLANDE, D.O., an individual; SCOTT SESSIONS, M.D., an individual; RITA ALEXANDER, an individual; and Does 1-100,

                Defendants.

Case No.  3:16-cv-02816-AJB-NLS

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Courtroom:   4A
Judge:        Hon. Anthony J. Battaglia

1

**Additional Counsel**

2

Clark R. Hudson, SBN 149329

3

Jonathan R. Ehtessabian, SBN 243211

Nicole T. Melvani, SBN 281718

4

**NEIL, DYMOTT, FRANK, MCFALL**

5

**TREXLER, MCCABE & HUDSON**

A Professional Law Corporation

6

1010 Second Avenue, Suite 2500

7

San Diego, CA 92101-4959

**P** 619.238.1712 / **F** 619.238.1562

8

9

Attorneys for Defendant

ANDRE P. LALLANDE, D.O.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

CASE NO. 3:16-cv-02816-AJB-NLS

Defendants, STEMGENEX MEDICAL GROUP, INC ("SMGI"); STEMGENEX, INC.;  ("SI"); STEM CELL RESEARCH CENTRE, INC. ("SCRCI" ); ANDRE P. LALLANDE, D.O. ("Lallande") and RITA ALEXANDER ("Alexander") (collectively "Defendants") answer Plaintiffs' Fourth Amended Class Action Complaint as follows:

## ANSWER

## NATURE OF ACTION

1.      Responding to Paragraph 1, Defendants admit that SMGI and related entities and persons have a location in La Jolla, California.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

2.      Responding to Paragraph 2, Defendants admit that StemGenex consumers have various medical conditions at various stages.  Defendants further admit that StemGenex claims that Stem Cell treatment may be helpful to consumers.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

3.      Responding to Paragraph 3, Defendants deny each and every allegation contained therein.

4.      Responding to Paragraph 4, Defendants deny each and every allegation contained therein.

## JURSIDICTION AND VENUE

5.      Responding to Paragraph 5, Defendants admit each and every allegation contained therein.

## PARTIES

**A.      Plaintiffs**

6.      Responding to Paragraph 6, Defendants admit that Selena Moore paid $14,900 and that she underwent stem cell treatment with StemGenex on or about April 5, 2016.  Defendants further state that Selena Moore was notified in writing before she underwent stem cell treatment that there were no guarantees of improvement in condition or that she would be cured.  Defendants further deny that they made any

misrepresentations.  Except as so admitted, stated, and denied, Defendants are without sufficient information and belief to admit the truth of the remaining allegations of the paragraph and therefore deny the remaining allegations.

7.      Responding to Paragraph 7, Defendants admit that Stephen Ginsberg paid at or around $14,900 to get stem cell treatments and that Stephen Ginsberg received stem cell treatment on or about November 2015.  Except as so admitted, Defendants are without sufficient information and belief to admit the truth of the remaining allegations of the paragraph and therefore deny the remaining allegations.

8A.      Responding to Paragraph 8A, Defendants admit that Alexandra Gardner paid at or around $14,900 and that Alexandra Gardner received stem cell treatment on or about July 2015.  Defendants deny that Gardner reported to StemGenex that her treatment had little to no effect.  Except as so admitted and denied, Defendants are without sufficient information and belief to admit the truth of the remaining allegations of the paragraph and therefore deny the remaining allegations.

8B.      Responding to Paragraph 8B, Defendants admit that Jennifer Brewer paid at or around $14,900 and that Jennifer Brewer received stem cell treatment on or about October 2014.  Except as so admitted and denied, Defendants are without sufficient information and belief to admit the truth of the remaining allegations of the paragraph and therefore deny the remaining allegations.

8C.      Responding to Paragraph 8C, Defendants admit that Rebecca King received stem cell treatment on or about August 2015.  Defendants deny that Lallande told her she could get another treatment for a discounted price.  Except as so admitted and denied, Defendants are without sufficient information and belief to admit the truth of the remaining allegations of the paragraph and therefore deny the remaining allegations

9.      Responding to Paragraph 9, Defendants deny each and every allegation contained therein.

10.      Responding to Paragraph 10, Defendants deny each and every allegation contained therein.

11.     Responding to Paragraph 11, Defendants deny that any Defendants are liable to Plaintiffs or any others similarly situated and therefore generally and specifically deny each and every allegation contained therein.

12.     Responding to Paragraph 12, Defendants admit the allegations therein.

13.     Responding to Paragraph 13, Defendants admit the allegations therein.

14.     Responding to Paragraph 14, Defendants admit the allegations therein.

15.     Responding to Paragraph 15, Defendants admit that Alexander is an individual residing in San Diego, California.  Defendants admit that Alexander is an owner and operator of Defendant STEMGENEX, INC. and is partially responsible for the content of Defendants' advertising.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

16.     Responding to Paragraph 16, Defendants admit that Lallande is an owner and operator of Defendant STEMGENEX MEDICAL GROUP, INC.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

17.     Responding to Paragraph 17, Defendants deny each and every allegation contained therein.

18.     Responding to Paragraph 18, Defendants deny each and every allegation contained therein.

19.     Responding to Paragraph 19, Defendants deny each and every allegation contained therein.

20.     Responding to Paragraph 20, Defendants assert that this paragraph comprises a set of definitions used by Plaintiffs and does not require an admission or denial.  Furthermore, Defendants object to the definition of "StemGenex" as used in this complaint because it is overbroad and ambiguous and confusing.  Therefore, to the extent a response is deemed necessary Defendants deny each and every allegation in this paragraph.

21.     Responding to Paragraph 21, Defendants deny each and every allegation

contained therein.

22.     Responding to Paragraph 22, Defendants deny each and every allegation contained therein.

22(a)  Responding to Paragraph 22(a), Defendants deny each and every allegation contained therein.

22(b). Responding to Paragraph 22(b), Defendants deny each and every allegation contained therein.

22(c). Responding to Paragraph 22(c), Defendants deny each and every allegation contained therein.

22(d)  Responding to Paragraph 22(d), Defendants deny each and every allegation contained therein.

22(e). Responding to Paragraph 22(e), Defendants admit that Defendant Alexander participated in publishing the website at www.stemgenex.com.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

22(f). Responding to Paragraph 22(f), Defendants deny each and every allegation contained therein.

22(g). Responding to Paragraph 22(f), Defendants deny each and every allegation contained therein.

23.     Responding to Paragraph 23, Defendants deny each and every allegation contained therein.

24.     Responding to Paragraph 24 Defendants admit that Defendant Alexander is not a physician.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

25.     Responding to Paragraph 25, Defendants admit that Dr. Lallande is a physician and that he directs statements of a medical nature.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

26.     Responding to Paragraph 26, Defendants admits lines 10 -12 starting with "[t]he primary" and ending with "2011".   Defendants further admit lines 14 -16, starting

with "STEM CELL RESEARCFFH CENTRE" and ending with ""in Del Mar, California."  Defendants further admit that the representations relating to the website are authorized by either Defendant Alexander or Defendant Lallande or both, depending on the representation.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

27.     Responding to Paragraph 27, Defendants admit that the AAAHC logo was published on the website www.stemgenex.com from time to time.  Defendants deny that at all times through July 2016 the logo was published on the website.  Except as so admitted and denied, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

28.     Responding to Paragraph 28, Defendants deny the first sentence at lines 1-3. Defendants admit that the logo was removed when Defendants learned that the AAAHC accreditation had not followed them to their new location in Del Mar, California, and that Defendants needed to reapply for a new location accreditation.

29.     Responding to Paragraph 29, Defendants admit Paragraph 29.

30.     Responding to Paragraph 30, Defendants admit that Defendant StemGenex, Inc., uses its website and internet ads for advertising.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

31.     Responding to Paragraph 31, Defendants state that the quoted statement from the website at Page 12, lines 1- 23 of the Fourth Amended Complaint, was published at one time and it speaks for itself. Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

32.     Responding to Paragraph 32, Defendants state that the quoted statement from the website at Page 13, lines 1- 7 of the Fourth Amended Complaint, was published at one time and it speaks for itself.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

33.     Responding to Paragraph 33, Defendants admit that StemGenex, Inc., relies in part on its website advertising to generate business interest.  Defendants further admit

that 70% or more patients travel to StemGenex Medical Group from out of state. Defendants are without information or belief to admit or deny whether "every prospective StemGenex Stem Cell Treatment purchaser throughout the country" views the website at www.stemgenex.com, and on that basis Defendants deny the same.  Further, Defendants admit that Stem Cell Medical Group, Inc. received a dozen or more paying patients each month for stem cell treatments during the Putative Class Period.   Except as so admitted and denied, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

34.     Responding to Paragraph 34, Defendants state that the quoted statement from the website at Page 14, lines 1- 11 of the Fourth Amended Complaint, was published at one time and it speaks for itself.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

35.     Responding to Paragraph 35, Defendants admit the first sentence at line13. Defendants further admit that treatments are offered based on the qualifications of the patients.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

36.     Responding to Paragraph 36, Defendants admit that their approach is not "cookie-cutter."  Defendants further state that the quoted statement from the website at Page 14, lines 22- 27 of the Fourth Amended Complaint, was published at one time and it speaks for itself.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

37.     Responding to Paragraph 37, Defendants admit that StemGenex offers treatments and studies.  Defendants further state that the quoted statements from the website at Page 15, lines 3-5, lines 6-8, lines 10-11, and lines 12 – 15 of the Fourth Amended Complaint, were published at one time and it speaks for themselves.  Further Defendants specifically deny that they make any promises or guarantees of results or that they have made any false or deceptive statements or misrepresentations to any consumers.  Defendants admit that Defendant Alexander formed Stem Cell Research

Centre, Inc. in or about July 2014.  Defendants further admit p. 16, line 1 starting with "Defendants" and ending with "satisfaction."  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

38.     Responding to Paragraph 38, Defendants admit the first sentence. Defendants deny that they did not have a prominent disclaimer of FDA approval on their website prior to this lawsuit or at all times during the putative class period.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

39.     Responding to Paragraph 39, Defendants deny each and every allegation contained therein.

40.     Responding to Paragraph 40, Defendants deny that they ever made any promises of benefits of treatment.  Furthermore, Defendants state that the quoted statement from the website at Page 17, lines 3- 14 of the Fourth Amended Complaint, was published at one time and it speaks for itself.   Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

41.     Responding to Paragraph 41, Defendants deny each and every allegation contained therein.

42.     Responding to Paragraph 42, Defendants are without knowledge to admit or deny the allegation contained in paragraph 42, and therefore they deny each and every allegation contained therein.

43.     Responding to Paragraph 43, Defendants admit the allegations of Paragraph 43.

44.     Responding to Paragraph 44, Defendants deny each and every allegation contained therein.

45.     Responding to Paragraph 45, Defendants admit that payment for surgery must be made in advance.  Defendants deny that all patients are required to pay by cashier's check.  Except as so admitted and denied.  Defendants, generally and specifically, deny the remaining allegations of the paragraph.

46.     Responding to Paragraph 46, Defendants admit that some patients raise money for surgery through crowd sourcing such as "Go Fund Me".   Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

47.     Responding to Paragraph 47, Defendants deny the first sentence.  Further, Defendants state that the quoted statement from the website at Page 18, lines 21- 24 of the Fourth Amended Complaint, was published at one time and it speaks for itself.

48.     Responding to Paragraph 48, Defendants deny each and every allegation contained therein.

49.     Responding to Paragraph 49, Defendants deny each and every allegation contained therein.

50.     Responding to Paragraph 50, Defendants deny each and every allegation contained therein

51.     Responding to Paragraph 51, Defendants deny each and every allegation contained therein.

52.     Responding to Paragraph 52, Defendants admit the first sentence of Paragraph 52.  Further, Defendants state that the quoted statement from the website at Page 20, lines 1- 5 of the Fourth Amended Complaint, was published at one time and it speaks for itself.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

53.     Responding to Paragraph 53, Defendants state that the quoted statement from the press release at Page 20 lines 11-20 of the Fourth Amended Complaint speaks for itself.  Except as so stated, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

54.     Responding to Paragraph 54, Defendants deny each and every allegation contained therein.

55.     Responding to Paragraph 55, Defendants state that the quoted statement from the website at Page 22, lines 1- 12 of the Fourth Amended Complaint, was

published at one time and it speaks for itself.  Except as so admitted, Defendants, generally and specifically, deny the remaining allegations of the paragraph.

56.      Responding to Paragraph 56, Defendants deny each and every allegation contained therein.

57.      Responding to Paragraph 57, Defendants deny each and every allegation contained therein.

58.      Responding to Paragraph 58, Defendants deny each and every allegation contained therein.

59.       Responding to Paragraph 59, Defendants deny each and every allegation contained therein.

60.      Responding to Paragraph 60, Defendants deny each and every allegation contained therein.

61.      Responding to Paragraph 61, Defendants deny each and every allegation contained therein.

62.      Responding to Paragraph 62, Defendants deny each and every allegation contained therein.

63.      Responding to Paragraph 63, Defendants deny each and every allegation contained therein.

64.      Responding to Paragraph 64, Defendants deny each and every allegation contained therein.

65.      Responding to Paragraph 65, Defendants deny each and every allegation contained therein.

66.      Responding to Paragraph 66, Defendants deny each and every allegation contained therein.

67.      Responding to Paragraph 67, Defendants deny each and every allegation contained therein.

68.      Defendant admits that Plaintiffs purport to bring their collective claims on behalf of a class of similarly situated persons pursuant to Rule 23(b)(3) of the Federal

Rules of Civil Procedure.

69.     Responding to Paragraph 69, Defendants deny each and every allegation contained therein.

70.     Responding to Paragraph 70, Defendants deny each and every allegation contained therein.

71.     Responding to Paragraph 71, Defendants deny each and every allegation contained therein.

72.     Paragraph 72 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

**FIRST COUNT**

78.     Defendants reassert and incorporate herein by reference the above answers to the preceding Paragraphs of the Fourth Amended Complaint, as if fully restated herein.

79.     Responding to Paragraph 79, Defendants admit that Plaintiffs purport to bring their claims on behalf of themselves and a purported class pursuant to California Business and Professions Code §17200, et seq.

80.     Responding to Paragraph 80, Defendants deny each and every allegation contained therein.

81.     Paragraph 81 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary,

Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

## SECOND COUNT

93.     Defendants reassert and incorporate herein by reference the above answers to the preceding Paragraphs of the Fourth Amended Complaint, as if fully restated herein.

94.     Responding to Paragraph 94, Defendants admit that Plaintiffs purport to bring their claims on behalf of themselves and a purported class pursuant to California Business and Professions Code §17500, et seq.

95.     Paragraph 95 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.   Paragraph 100 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101.   Paragraph 101 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

## THIRD COUNT

102.   Defendants reassert and incorporate herein by reference the above answers to the preceding Paragraphs of the Fourth Amended Complaint, as if fully restated herein.

103.   Paragraph 103 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.   Paragraph 104 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.   Paragraph 105 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.   Paragraph 106 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.   Paragraph 107 of the Complaint sets forth arguments and conclusions of law

to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108.   Paragraph 108 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109.   Paragraph 109 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110.   Paragraph 110 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.   Paragraph 111 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.   Paragraph 112 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113.   Paragraph 113 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114.   Paragraph 114 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.   Paragraph 115 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116.   Paragraph 116 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary,

Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

## **FOURTH COUNT**

117.   Defendants reassert and incorporate herein by reference the above answers to the preceding Paragraphs of the Fourth Amended Complaint, as if fully restated herein.

118.   Paragraph 118 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 118 of the Complaint.

119.   Paragraph 119 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 119 of the Complaint.

120.   Paragraph 120 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.   Paragraph 121 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.   Paragraph 122 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.   Paragraph 123 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124.   Paragraph 124 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

125.   Paragraph 125 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.   Paragraph 126 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.   Paragraph 127 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

## FIFTH COUNT

128.   Defendants reassert and incorporate herein by reference the above answers to the preceding Paragraphs of the Fourth Amended Complaint, as if fully restated herein.

129.   Paragraph 129 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.   Paragraph 130 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131.   Paragraph 131 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

132.   Paragraph 132 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133.   Paragraph 133 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

134.   Paragraph 134 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

135.   Paragraph 135 of the Complaint sets forth arguments and conclusions of law

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED COMPLAINT
CASE NO. 3:16-cv-02816-AJB-NLS

to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136.   Paragraph 136 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137.   Paragraph 137 of the Complaint sets forth arguments and conclusions of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

## PRAYER

138.   Defendant denies that Plaintiffs, individually and on behalf of any and all other individuals whom Plaintiffs purport to or seek to represent in this action, are entitled to the requested relief sought in their Prayer for Relief, including subparagraphs "1" – "15," or any other relief whatsoever. Defendant further denies any and all remaining allegations in the Prayer for Relief. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. Defendants' designation of a defense as "affirmative" is not intended in any way to alter Plaintiffs' burden of proof with regard to any element of their causes of action.

## FIRST AFFIRMATIVE DEFENSE

The Fourth Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Fourth Amended Complaint, and each claim for relief therein that seeks equitable relief, is barred because all actions and conduct undertaken by Defendants were made in good faith. The business at issue herein was operated in good faith and with every intention of comporting with all applicable laws and regulations.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims set forth in Plaintiffs' Fourth Amended Complaint, including claims made on behalf of the putative plaintiff class, are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims made in Plaintiffs' Fourth Amended Complaint, including claims made on behalf of the putative plaintiff class, are barred because the named Plaintiff and/or members of the putative plaintiff class lack standing.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims made in Plaintiffs' Fourth Amended Complaint made on behalf of the putative plaintiff class are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims made in Plaintiffs' Fourth Amended Complaint made on behalf of the putative plaintiff class are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims made in Plaintiffs' Fourth Amended Complaint made on behalf of the putative plaintiff class are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims to equitable remedies are barred in light of the fact that Plaintiffs and the members of the general public have an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE

The equitable remedy of injunctive relief is moot because the alleged conduct has ceased.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Fourth Amended Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Federal Rule of Civil Procedure 23.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for monetary relief under the Consumers Legal Remedies Act (CLRA.), Cal. Civil Code §§ 1750, *et seq.*, are barred because Plaintiff has not provided adequate notice as required by Cal. Civil Code § 1782.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the provisions of the Medical Injury Compensation Reform Act, referred to as MICRA, including code provisions that limit attorney's fees, allow for evidence of collateral sources, limit general damages for pain and suffering and otherwise allow for periodization of judgments and other provisions of the same or similar nature.  Plaintiffs should be accordingly limited with respect to claims against these Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

That in the event these answering Defendants are found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), these answering Defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to Plaintiffs pursuant to Civil Code section 3333.1.

## FOURTEENTH AFFIRMATIVE DEFENSE

That in the event these answering Defendants are found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed the amount specified in Civil Code section 3333.2.

## FIFTEENTH AFFIRMATIVE DEFENSE

That Plaintiffs' action herein is barred by the provisions of California Civil Code section 1714.8 in that the injuries and damages complained of by the Plaintiffs herein, if any, were solely as the result of the natural course of a disease or condition and/or expected result of reasonable treatment rendered for the disease or condition by the Defendants herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs freely and voluntarily assumed the risk of injury and damage alleged in the Fourth Amended Complaint with full knowledge and appreciation of the magnitude thereof, which assumption of the risk was a proximate cause of the alleged damage, if any, sustained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence or any other conduct, if any, as set forth in the Fourth Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

These answering Defendants contend Plaintiffs provided informed consent for the treatment provided. Defendants disclosed the likelihood of success along with the important potential risks and results of, and alternatives to, the proposed treatment, including the risks that a reasonable person would consider important in deciding whether to have treatment.

## NINETEENTH AFFIRMATIVE DEFENSE

These answering Defendants contend that even if a reasonable person in Plaintiffs' position might not have consented to the procedure(s) or treatment performed on them by Defendants if they had been given enough information about its risks, Plaintiffs still would have consented to the procedure or treatment. (CACI 550.)

## TWENTIETH AFFIRMATIVE DEFENSE

These answering Defendants contend that they had no duty to disclose to Plaintiffs the likelihood of success or risks associated with procedure(s) or treatment they performed on the Plaintiffs because Plaintiffs asked not to be informed of the likelihood of success or risks of the procedure or treatment. (CACI 551.)

## TWENTY-FIRST AFFIRMATIVE DEFENSE

These answering Defendants contend that they were not required to inform Plaintiffs of the likelihood of success or risks of the procedure(s) or treatment they performed on

Plaintiffs as the treatment or procedure is a simple procedure and it is understood that the risks are minor and not likely to occur. (CACI 552.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

These answering Defendant contends that they were not required to inform Plaintiffs of the likelihood of success or risks of the procedure(s) or treatment they performed on the Plaintiffs as the information would have so seriously upset Plaintiffs that Plaintiffs would not have been able to reasonably consider the risks of refusing to have the medical procedure. (CACI 553.)

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, Plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their own part, or by expenditures that might reasonably have been made. Therefore, Plaintiffs' recovery, if any, should be reduced by the failure of Plaintiffs to mitigate their damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs consented to and approved all the alleged acts and omissions about which Plaintiffs now complain. Accordingly, Plaintiffs are barred from pursuing this action. These answering Defendants acted in good faith, and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages as a result of any actions taken by Defendants or their agents, and thus are barred from asserting any claim for relief against Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and based upon such information and belief alleges, that Plaintiffs have not suffered any loss, and Defendants have not been unjustly enriched as a result of any action or inaction of Defendants or its agents. Therefore, Plaintiffs are not entitled to any disgorgement or restitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief for unfair business practices in violation of California Business and Professions Code sections 17200, et seq. is barred because Plaintiffs fail to plead specific facts capable of stating a claim for unfair business practices.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based upon California Business and Professions Code sections 17200 et seq. are barred because the conduct alleged falls within a safe harbor.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, or any recovery should be reduced, because of Plaintiffs' own neglect and fault in connection with the matters alleged in the Fourth Amended Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

The penalties sought in Plaintiffs' Fourth Amended Complaint are in violation of the Due Process Clause of the United States and California Constitution.

### RESERVATION OF RIGHTS

Defendants have not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiffs' allegations. Defendants intend to act as best they can to inform themselves of the pertinent facts and circumstances surrounding any reported damage to Plaintiffs as alleged in the Fourth Amended Complaint, and give notice of their intent to assert any further affirmative defenses that the information gathering process may indicate is supported by fact and law. Defendants thus reserve the right to amend this Answer and assert such defenses.

### DEMAND FOR JURY TRIAL

Defendants hereby demand trial by Jury of all Counts in Plaintiff Fourth Amended Complaint.

///

///

///

# PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

      1.     That Plaintiffs and the putative class take nothing by virtue of the Fourth Amended Complaint herein and that this action be dismissed in its entirety;

      2.     That judgment be rendered in favor of Defendants and against Plaintiffs on each and every claim in the Fourth Amended Complaint;

      3.     That Defendants recover their costs of suit herein;

      4.     That Defendants recover their reasonable attorneys' fees incurred herein; and

      5.     For such other and further relief that this Court may deem necessary and proper.

Dated: September 25, 2017              FARNAES & LUCIO, APC

                              By:   /Malte L. L. Farnaes/
                                  Malte L. L. Farnaes

                              Attorneys for Defendants

                              ROSENBERG, SHPALL & ZEIGEN APLC

                              By:   /Annette Farnaes/
                                  Annette Farnaes

                              Attorneys for Defendants

                              NEIL, DYMOTT, FRANK, MCFALL, TREXLER, MCCABE & HUDSON APLC

                              By:   /Clark R. Hudson/
                                  Clark R. Hudson

                              Attorneys for Andre P. Lallande, D.O.