UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MOORER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STEMGENEX MEDICAL GROUP, INC., a California Corporation, et al.,<br><br>Defendants. | Case No.: 3:16-cv-02816-AJB-NLS<br><br>**PROTECTIVE ORDER AS MODIFIED BY THE COURT** |

Before the Court is the parties' joint motion for a stipulated protective order. Having reviewed the Stipulation and proposed Protective Order governing discovery in this matter, and good cause appearing, the motion is **GRANTED AS MODIFIED BY THE COURT**.

**IT IS HEREBY ORDERED** that the following protective order is entered, as modified by the Court (see paragraphs 22, 26, 32 and Judge Stormes's Civil Procedures, § VII):

Plaintiffs Selena Moorer, Stephen Ginsberg, Alexandra Gardner, Jennifer Brewer, and Rebecca King, and Defendants Stemgenex Medical Group, Inc., Stemgenex, Inc., Stem Cell Research Centre, Inc., Andre P. Lallande, D.O. and Rita Alexander, (each

individually, a "Party" and collectively, the "Parties"), agree that this Stipulation and Protective Order shall govern the handling of documents, responses to discovery requests (including responses to interrogatories, responses to requests for admission, responses to requests for production of documents, or other formal methods of discovery), depositions, pleadings, exhibits, and all other information exchanged by the Parties (collectively the "Discovery Material") in the above-referenced action.

## Good Cause Statement

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Protective Order with respect to the specific items identified in paragraph 2 because the Parties could be prejudiced by the dissemination of such confidential, sensitive, and proprietary documents, information, medical information, and trade secrets as defined California Civil Code §§ 3426, *et seq.*

## Designation of Discovery Materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

2. The Parties shall have the right to designate as "CONFIDENTIAL" and subject to this Stipulation and Protective Order the following categories of information and Discovery Material:

    (a) Confidential agreements with third parties;

    (b) Confidential financial information;

    (c) Any material that otherwise constitutes a trade secret as that term is defined in California Civil Code § 3426.1(d);

    (d) Documents subject to a pre-existing confidentiality and/or privacy agreement, the terms of which would be violated by production of the documents absent a protective order;

    (e) Confidential patient information including information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"); and

   (g)  Other proprietary and non-public information for which a Party reasonably believes disclosure could have an adverse business or competitive impact.

  3. The Parties may discover additional categories of documents that contain confidential and proprietary information in addition to those set forth above. The enumeration of categories above is without prejudice to the Parties' right to seek modification of this Protective Order to include additional categories of information.

  4. The Parties shall have the right to designate as "ATTORNEYS' EYES ONLY" and subject to this Stipulation and Protective Order any information or Discovery Material produced by a Party that contains highly confidential and proprietary information, including without limitation information that constitutes patient information, or protectable trade secret, as that term is defined in California Civil Code § 3426.1 and information for which disclosure could assist another Party in competing with the producing Party.

  5. The designation of Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made by stamping the first page of the document containing such information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before its production, or by any other method agreed to in writing by counsel for the Parties.

  6. In the case of information or Discovery Material produced by third parties, any Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the event such information or Discovery Material contains confidential information of the designating Party. The Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying the other Party of such designation either before or within twenty (20) days after the production of such Discovery Materials by the third party. All Parties shall thereafter treat such materials as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the notice of designation.

7. Any notes, summaries, compilations, or copies containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or electronic images or databases containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived.

8. Inadvertent failure to designate any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection.

9. The inadvertent disclosure or production of any privileged attorney-client material in connection with this action shall not be deemed a waiver of that privilege, or to preclude reliance on that privilege, with respect to that information, provided that the producing Party notifies the receiving Party in writing promptly after discovery of such inadvertent disclosure or production. If a Party ascertains that it may have privileged attorney-client material that was inadvertently produced by another, the Party receiving such material shall refrain from examining the material any more than is essential to ascertain if the material is privileged and shall immediately notify the sender that it possesses material that appears to be privileged. No further disclosure or use shall be made of material that a Party ascertains or is notified may be inadvertently produced attorney-client materials other than to challenge the propriety of the asserted privilege and, absent a timely challenge, such material shall promptly be returned to the producing Party.

10. This Protective Order is not intended to prohibit the use or admissibility of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information upon trial of this case. Issues involving the protection of "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" information and Discovery Material during trial will be presented to the Court before or during trial as each Party deems appropriate.

## Materials Provided for Inspection

11.  With respect to all information and Discovery Material provided for inspection by a Party's counsel, designation by stamping or labeling as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" need not be made until copies of the information or Discovery Material are requested after inspection and selection by counsel.  Making documents or any other information or Discovery Material available for inspection shall not constitute a waiver of any claim of confidentiality, and all information and Discovery Material provided for inspection by a Party's counsel shall be treated as though designated as "ATTORNEYS' EYES ONLY" at the time of the inspection.

## Limitation on Use of Designated Information

12.  Each Party and all persons bound by the terms of this Stipulation and Protective Order shall use any information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" governed by this Stipulation and Protective Order only for the purpose of the prosecution or defense of the claims asserted in this action.  No Party or other person shall use, disclose, or release any such information or Discovery Material governed by this Stipulation and Protective Order for any purpose other than the prosecution or defense of said claims.  The attorneys of record for the Parties and other persons receiving such information governed by this Stipulation and Protective Order shall take all reasonable steps to ensure that such information and Discovery Material governed by this Stipulation and Protective Order are (i) used only for the purposes specified; and (ii) disclosed only to authorized persons.  Nothing in this Stipulation shall be construed to limit in any way any Party's use of its own information.

**Restrictions on Disclosure of Materials Designated "CONFIDENTIAL"**

13. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

    (a) the Parties and their parents, subsidiaries, and affiliates, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (b) the Parties' attorneys of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (c) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

    (e) employees of outside copying, printing, binding, or computer input services;

    (f) subject to Paragraph 16, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (g) subject to Paragraph 16, deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the

Discovery Material designated "CONFIDENTIAL" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material; and

(h) subject to Paragraph 16, such other persons as the Parties may agree or may be ordered by the Court.

### Restrictions on Disclosure of Discovery Designated "ATTORNEYS' EYES ONLY"

14. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "ATTORNEYS' EYES ONLY" shall not be disclosed or discussed with any person except, on a need-to-know basis:

(a) the Parties' attorneys of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(b) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(c) employees of outside copying, printing, binding, or computer input services;

(d) subject to Paragraph 16, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(e) subject to Paragraph 16, deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material designated "ATTORNEYS' EYES ONLY" at deposition, and

1    deposition witnesses shall not be entitled to retain copies of such Discovery
2    Material; and
3        (f)    subject to Paragraph 16, such other persons as the Parties may agree
4    or may be ordered by the Court

5    15.    If only a portion of a document or other Discovery Material designated by a
6    Party as "ATTORNEYS' EYES ONLY" reflects highly confidential and proprietary
7    information as described in paragraph 4, the designating Party shall, upon request,
8    produce a non- "ATTORNEYS' EYES ONLY" version of the document or other
9    Discovery Material with only the highly confidential and proprietary information
10   redacted.  If the Parties are unable to agree upon whether the redacted portions of any
11   such document or Discovery Material are appropriately designated as "ATTORNEYS'
12   EYES ONLY," the Parties may seek a determination by the Court.

### Certification of Persons to Whom Discovery Materials are Disclosed

14   16.    Before disclosure of any Discovery Materials designated
15   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person described in
16   paragraphs 13(f)-(h) or 14(d)-(f) hereof, such person shall be given a copy of this
17   Stipulation and Protective Order and shall sign a certification in the form of Exhibit A
18   attached.  Such signed and completed certification shall be retained by the attorneys of
19   record for the disclosing Party.  The Party securing such certification shall take
20   reasonable steps to ensure that such persons signing such certifications observe the terms
21   of this Stipulation and Protective Order.

### Designation of Deposition Transcripts

23   17.    Deposition transcripts, or portions thereof, may be designated as subject to
24   this Stipulation and Protective Order either (i) at the time of such deposition, in which
25   case the transcript of the designated testimony shall be bound in a separate volume and
26   marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the reporter, as the
27   designating Party may direct; or (ii) within fourteen (14) days following receipt of the
28   deposition transcript by providing written notice to the reporter and all counsel of record

for the Parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating Party. All deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of this fourteen (14) day period unless a different period of time is agreed to between the Parties.

## Disclosure of Discovery Materials Designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the Court

18.   A Party who intends to attach Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to a court filing shall, to the extent circumstances allow, provide the designating Party seven days advance written notice of their intent to do so. The filing Party may request that the designating Party agree that such materials be de-designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Parties shall meet and confer in good faith regarding the appropriateness of the designation.

19.   All documents that must be filed under seal pursuant to this Protective Order shall be accompanied by a motion seeking leave to file under seal pursuant to Federal Rules of Civil Procedure and the Local Rules for the Southern District of California. The filing Party shall contemporaneously, but in no event later than 24 hours, provide to the designating Party copies of all Discovery Materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" filed, via email or other secure electronic means of transmission.

20.   When a filing Party opposes or objects to sealing some or all of the Discovery Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that the filing Party is filing, the filing Party must note this opposition in the caption of the motion for leave to seal (for instance, "Motion for Leave to Seal by Party that Partially Opposes Sealing.") The filing Party must also briefly state its position regarding each Discovery Material it opposes in the body of the motion for leave to seal, using identifiers that protect the Discovery Material.

21. Upon receipt of a filing accompanied by a motion seeking leave to file under seal, the designating Party who wishes to maintain the Discovery Materials under seal shall file a motion to seal that demonstrates good cause for the Discovery Materials to be maintained under seal.

22. **Filing Under Seal. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the Chambers' rules, with respect to filing documents under seal.**

### Disclosure to Author or Recipient

23. Notwithstanding any other provisions of this Stipulation and Protective Order, nothing shall prohibit counsel for a Party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient, or medical record or financial documents of that individual of the particular item of Discovery Material; and, regardless of designation pursuant to this Stipulation and Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulation and Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

24. If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party shall promptly notify the designating Party. The Party receiving the subpoena or compulsory process shall not

produce any such information or Discovery Material in response to the subpoena without providing the designating Party reasonable notice so that Party can object to the disclosure if it chooses. The Party receiving the subpoena or other compulsory process shall not object to the designating Party having a reasonable opportunity to appear in the litigation or process seeking disclosure of information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," for the sole purpose of seeking to prevent or restrict disclosure.

### Additional Protections

25. This Stipulation and Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as they may consider appropriate.

### Challenge to Confidentiality Designation

26. This Stipulation and Protective Order shall not preclude any Party from (i) claiming that any matter designated is not entitled to the protections of this Stipulation and Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulation and Protective Order; or (iii) applying for an order modifying this Stipulation and Protective Order in any respect. **Any challenge to the designation of material presented to the Court must comply with the Chambers' Rules regarding Discovery Disputes, including the timing requirements and Joint Motion procedure.** *See* **Judge Stormes's Civil Case Procedures, § VI.**

27. No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a later objection to the propriety of such designation.

### Public Knowledge

28. This Stipulation and Protective Order shall not apply to any information or Discovery Material that, prior to disclosure, is public information or knowledge, and the

restrictions contained in this Stipulation and Protective Order shall not apply to information and Discovery Material that are, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Stipulation and Protective Order to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Stipulation and Protective Order.

### Return of Designated Information

29. Upon final disposition or resolution of this Action, upon written request by a designating Party within sixty (60) days after such final disposition or resolution, each Party shall either (i) assemble and return all information and Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including all copies, to the Party from whom the designated material was obtained or (ii) destroy all such information and Discovery Material, at the option of the Party in possession.

30. Counsel of record for each Party may, despite paragraph 28, retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, and exhibits and other papers filed in this Action; (ii) one set of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits); and (iii) all of its own work product generated in connection with this Action.

31. Any such materials that are not returned or destroyed shall remain subject to this Stipulation and Protective Order, and the Court shall retain jurisdiction to ensure that the terms of this Stipulation are not violated.

### Modification, Waiver or Termination of Stipulation and Order

32. No part of the restrictions imposed by this Stipulation and Protective Order may be modified, waived, or terminated, except by the written stipulation executed by counsel of record for each Party, or by an Order of the Court for good cause shown. **The Court may modify the protective order in the interests of justice or for public policy reasons.**

### Third Party Discovery

33. Discovery obtained from any third party in response to any subpoena shall be protected in accordance with this Stipulation and Protective Order if such third party requests such protection and complies with the provisions of this Stipulation.

### No Limitation on Providing Advice to Client

34. This Stipulation and Protective Order shall not bar any attorney in the course of rendering advice to his or her client with respect to this litigation from conveying to any client his or her evaluation in a general way of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material produced or exchanged; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of such material, which disclosure would be contrary to the terms of this Stipulation and Protective Order.

### Headings

35. The headings in this Stipulation and Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulation and Order.

**IT IS SO ORDERED.**

Dated: December 5, 2017

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge