Janice F. Mulligan (State Bar No. 99080)
mulligan@janmulligan.com
Elizabeth A. Banham (State Bar No. 131734)
banham@janmulligan.com
Brian K. Findley (State Bar No. 251172)
findley@janmulligan.com
**MULLIGAN, BANHAM & FINDLEY**
2442 Fourth Avenue, Suite 100
San Diego, CA 92101
Tel: (619) 238-8700
Fax: (619) 238-8701

Harvey C. Berger (State Bar No. 102973)
berger@bwrllp.com
Timothy G. Williams (State Bar No. 193810)
williams@bwrllp.com
Stephanie Reynolds (State Bar No. 220090)
reynolds@bwrll.com
**BERGER, WILLIAMS & REYNOLDS, LLP**
401 B Street, Suite 2000
San Diego, California 92101
619/595-1366; Fax 619/236-9677

Attorneys for Plaintiffs and the Putative Class

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MOORER, individually and on behalf of all others similarly situated<br><br>Plaintiff<br><br>vs.<br><br>STEMGENEX MEDICAL GROUP, INC., a California Corporation; et al.<br><br>Defendants | Case No. **3:16-CV-2816- AJB-NLS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. Nita L. Stormes<br><br>**DECLARATION OF ELIZABETH A. BANHAM, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Elizabeth A. Banham declares:

1. I am an attorney at law, and have been duly licensed to practice before all courts in the State of California since 1987. I am admitted to practice before the United States District Court for the Southern District of California. I am a partner in the law

---
DECLARATION OF ELIZABETH A. BANHAM, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
*Case No.: 3:16-CV-02816-AJB-NLS*

1

1. firm of Mulligan, Banham & Findley attorneys of record for Plaintiffs in the above captioned action. I am the lead attorney in this matter and have handled this case since its inception.

2. If called as a witness, I could competently testify to the following of my own personal knowledge:

3. My firm, along with the firm of Berger, Williams & Reynolds, LLP (*previously known as Pope, Berger, Williams & Reynolds, LLP*), are attorneys of record in the above-entitled action on behalf of Plaintiffs SELENA MOORER, ALEXANDRA GARDNER, REBECCA KING, JENNIFER BREWER, and the Putative Class.

4. I attended Drexel University in Philadelphia, PA, and graduated with a Bachelors of Science in 1980. In 1982, I began attending the University of San Diego Law School, putting myself through school at night, while working full time during the day as a legal secretary, office manager and law clerk at the firm of Owen, Gee & Bryan, where I later became an associate. I graduated from University of San Diego in 1986 with a Juris Doctorate. In 1985, I received a Certificate in Comparative Law from Temple University, for study completed in Rome, Italy.

5. I have been admitted to the State Bars of New Jersey (1987), Pennsylvania (1987), California (1987) and Massachusetts (1989). I am now inactive or retired in all states but California, where I have remained and practiced since 1989. During the years of 1993-1998, I served the County of San Diego as an attorney/analyst/manager in several different departments including the Civil Service Commission and the Department of Environmental Health.

6. For now over 20 years, I have been privileged to practice with my partner Janice F. Mulligan. Ms. Mulligan is a well-known and well-respected local trial lawyer.

She files her own declaration in addition to this one in support of this motion.

7. I became a name partner with Jan Mulligan in 2000. Our firm has focused on healthcare law. Since that time our firm has grown and expanded to include a physician-attorney, Dr. Stephen Wallace, M.D., J.D., now practicing as an independent counsel to our firm. In 2012, attorney Brian Findley joined our firm, and we were happy to name him as our partner in 2014. Mr. Findley also files his own declaration in support of this motion. We now have another associate, Keenan O'Connor, a U.S.D. graduate who was previously a clerk with us and a Deputy District Attorney in Orange County. Mr. O'Connor has been working on this case, along with others in this firm, and I supervise him in his work, as well as three-four law clerks who have been assisting with the work on this case throughout the two years it has been pending.

8. I became first AV rated in October of 1999. I am now a Pre-eminent AV ranked attorney with Martindale Hubbell. In 2011, I was named to SuperLawyers, and have continued to be named each year since. In 2011, I was named as one of the Top Attorneys in San Diego, selected by Peer Recognition and Professional Achievement as published in the New York Times. I am an active member of the Consumer Attorneys of San Diego, Consumer Attorneys of California, and Lawyer's Club of San Diego. For a decade in the 1990's, I served as a Municipal Court Judge Pro Tem in San Diego Small Claims Court. I also have received an American Jurisprudence Award in Agency & Partnership, and a CA State Bar Wiley W. Manuel Award for pro bono legal services. I have been an MCLE presenter on various topics including litigation settlement processes, particularly in my interest area of cases involving children, the elderly and persons with special needs.

9. Throughout the years, my practice has been devoted to Plaintiffs' personal injury, medical malpractice, birth injuries, elder abuse and fraud in the context of health

DECLARATION OF ELIZABETH A. BANHAM, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No.: 3:16-CV-02816-AJB-NLS
3

care. With my partner Jan Mulligan and our team, I have litigated hundreds of cases, occasionally going to trial and/or arbitration. About ten years ago, I began to have a particular interest in pursuing fraud actions, as fraud and/or deceptive marketing or structure seemed to be proliferating in the facts we were seeing overlap in our regular medical negligence practice.

10. In that context, in 2011, I successfully litigated the false advertising portion of a case against a local advertising Lasik eye surgeon, with Ms. Mulligan handling the medical negligence aspect, leading to a finding of fraud by a panel of arbitrators, based on false advertising of statistics of success in treatment of patients. The arbitrators found that the statistics and the supporting evidence presented by the defendant to support those statistics were manufactured. This same surgeon was the subject of other complaints by multiple plaintiffs represented by our firm, but it was this final false advertising case which brought my attention and interest to the pursuit of justice for patients drawn in by deceptive marketing claims. (*Bartkiewicz v. Alpha Laser Centers, Inc., Motwani, et al.*, San Diego Superior Court Case No. 37-2009-00092447-CU-MM-CTL, Arbitrator: Hon. Richard J. Haden (Ret.))

11. Since that time, I have litigated cases against healthcare providers involving manipulation of corporate finance, staffing, marketing, and structure in an effort to avoid liability, shield profits or avoid disclosure of relevant evidence or proof of ratification, most notably a lengthy and hard-fought elder abuse case against a large nursing home chain, which settled shortly after the corporate vice president plead the 5th amendment at deposition, and another where a partnership of doctors tried to avoid liability for a birth injury, requiring pursuit of evidence of partnership in the form of financing, leases, marketing materials and other supporting documents, leading to payment on several insurance policies.

12. Over two years ago, I received a call from an attorney in another state inquiring as to a potential medical negligence case in California. What began as an inquiry into potential causation of injury, led to revelations of questionable advertising practices, notably the Patient Satisfaction Ratings which are at the core of this class certification motion. This case was filed by my firm in State Court and was removed by defense to Federal Court.

13. Since that initial call, I have spent over 1,000 hours working on this case. Our firm has received contacts from many people claiming dissatisfaction with the treatments purchased from StemGenex. I supervised the collection of declarations in support of this motion. I have personally criss-crossed the country in depositions on this case. I have taken or defended all but one deposition in the case to date.

14. I've become very familiar with the class issues, done almost all of the class written discovery, and spent time with all of the class representatives, as well as others who have stepped up to offer to be class representatives should they be needed. Voluminous materials have been produced by both sides of this case, requiring resources which we have devoted for review and prompt meet and confer activity. I believe we have remained on civil terms with counsel for all Defendants, developed a good working relationship, and have at all times been conducting this litigation in a professional and ethical manner.

15. Early on, when the direction of the case was becoming clear, my firm engaged Pope, Berger, Williams & Reynolds, LLP, now known as Berger, Williams & Reynolds, LLP, for their extensive class action knowledge and experience. They signed on as co-counsel in October of 2016. Separate declarations are provided for members of that firm.

16. Plaintiffs have incurred the costs of at least 16 depositions, expert fees, as well as copying, document management, legal research and support costs. These costs exceed $100,000.00.

17. In March 2017, in this case, the Patient Satisfaction Ratings at issue were taken down from the Defendants' website. I believe this litigation and our efforts were the catalyst, and there has been testimony in that regard. There is some evidence in the form of continued emails <u>after</u> removal of the ratings from the web that some people continued to receive the ratings in Defendants' marketing. Discovery is pending. Nevertheless, I believe our efforts have already contributed to some positive change.

18. My continued pursuit of justice in this matter for those who were exposed to what Plaintiffs allege are false and/or deceiving published "ratings," has become the main focus of my practice during the past year. While I continue to represent others in other matters, I am devoting the time necessary – weekends, holidays and nearly every day -- , as well as engaging further independent specialists on all angles needed, to be sure to adequately and zealously represent the Class Representatives and the Putative Class.

19. Our law firms have committed and will continue to commit our collective resources toward the prosecution of this case through trial. I believe that Mulligan, Banham & Findley and Berger, Williams & Reynolds, LLP, are competent and capable to represent the Class Members as Class Counsel in this case.

20. All exhibit references are to the exhibits lodged in support of Plaintiffs' Motion for Class Certification. Exhibit "1" is a true and correct copy of color prints as the website Patient Satisfaction Ratings first appears on www.stemgenex.com as of

DECLARATION OF ELIZABETH A. BANHAM, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No.: 3:16-CV-02816-AJB-NLS

6

2013 and early 2014, and as separately authenticated by the Affidavit of Christopher Butler from the internet archive on top of Exhibit "1".

21.     Exhibit "2" is a true and correct copy of a press release dated December 17, 2013, by StemGenex, Inc., found on the internet, and authenticated by Rita Alexander at deposition, as in additional Exhibit 7.

22.     Exhibit "3" are true and correct copies of screen shots of the home page of www.stemgenex.com website. The top is a color copy of version of website captured 5-16-16. Also included is a black and white copy of the home page captured 3-21-15. The affidavit of Christopher Butler at Exhibit "1" explains the methodology of the internet archive for search of past website published iterations. The 5-15-16 page was researched and produced by Christopher Butler. The 3-21-15 page and the additional charts of patient satisfaction on the page for 5-15-16 were researched and printed by me, utilizing the internet archive methodology http://web.archive.org.  as described by Christopher Butler in his affidavit at Ex. "1".

23.     Exhibit "4" is a true and correct copy of an email produced by Clique Studios pursuant to subpoena, p. 000424, from Jamie Schubert to Tommy at Clique Digital Support, dated March 1, 2017, requesting removal of the patient satisfaction ratings from StemGenex' website.

24.     Exhibit "5" are true and correct copies of the excerpts of the Deposition of Joseph Perricone, Former StemGenex Patient Advocate Director, in this matter.

25.     Exhibit "6" are true and correct copies of excerpts of the Deposition of Andre Lallande, D.O., Former Medical Director, StemGenex Medical Group, Inc., in this matter.

26. Exhibit "7" are true and correct copies of excerpts of the Deposition of Rita Alexander, President, Owner StemGenex, Inc., in this matter.

27. Exhibit "8" are true and correct copies of excerpts of the Deposition of Candace Henderson, Former Vice President StemGenex, Inc., in this matter.

28. Exhibit "9" are true and correct copies of excerpts of the Deposition of Gibrahn Verdault, Former Patient Advocate Director at StemGenex, Inc., in this matter.

29. Exhibit "10" are true and correct copies of excerpts of the Deposition of Jamie Schubert, present Director of Media & Community Relations, StemGenex, Inc., in this matter.

30. Exhibit "11" are true and correct copies of excerpts of the Deposition of Franca Gardner, former nurse StemGenex Medical Group, Inc., in this matter.

31. Exhibit "12" are true and correct copies of excerpts of the Deposition of Geraldine O'Leary, former StemGenex patient, in this matter.

32. Exhibit "13" are true and correct copies of exemplar Client Satisfaction Surveys for March 2014 and January 2015, pp. SG0076-77 and SG00358-359, as produced by StemGenex, Inc.

33. Exhibit "14" are true and correct copies of print-outs of on-line reviews, the first BBB review, was printed from the URL at the footer of the page, and the second printed from Google Reviews on the internet on 11/8/16. Both were printed by me. BBB review "Comment from the Business" is as discussed and authenticated in deposition of Rita Alexander (Ex. "7"). Google Review is as discussed and authenticated in deposition of Candace Henderson (Ex. "8".)

34. Exhibit "15" are true and correct copies of three emails: 1) Produced by Clique Studios, 000774-775, from Jamie Schubert on April 20, 2016, to Clique Studios, requesting a tag line on the patient satisfaction ratings be place on the website; 2) Produced by StemGenex, Inc.: Email from Clique Studios representative dated April 22, 2016, confirming completion of the change; and 3) Produced under subpoena to Clique Studios, Email dated July 22, 2016, from Jamie Schubert to Clique Studios requesting tag line, with acknowledgement of receipt of same date.

35. Exhibit "16" is a true and correct copy of a list produced by StemGenex, Inc., in response to interrogatory, showing the number of patients treated per month during the class period, with verification.

36. Exhibit "17" is a true and correct copy of email from StemGenex, Stem Cell Research Centre to Plaintiff Jennifer Brewer, dated November 17, 2015; See also separately filed Declaration of Jennifer Brewer.

37. Exhibit "18" is a true and correct copy of excerpts of Training Materials for Patient Advocates at StemGenex during the Class Period produced by StemGenex in this matter.

38. Exhibit "19" are true and correct copies of documents produced in response to subpoena of Porter Novelli, a contractor for StemGenex, along with affidavit of custodian of records, PN0000101-102, PN0000282283, and PN0000243.

39. Exhibit "20" is a true and correct copy of a job listing for Patient Advocate on the internet, pulled and printed by me during the Class Period and further authenticated by Andre Lallande, D.O. at deposition. (Ex. "6".)

40. Exhibit "21" is a true and correct copy of excerpts of the Deposition of Stephen Brody in this matter.

41. Exhibit "22" are true and correct copies of Putative Class Member Lead Source lists, along with verification of first list. Two lists were produced by Defendant StemGenex, Inc. The first list is labeled A, the second is B. Further discussed at the Deposition of PMQ Jamie Schubert, Ex. "32".

42. Exhibit "23" are true and correct copies of pages relating to price, the first is from a brochure of GamePlan Creative for StemGenex and the second is produced pages from Porter Novelli, PN000029, produced under subpoena.

43. Exhibit "24" is a true and correct copy of the C.V. for Andre Lallande, D.O., produced at his deposition.

44. Exhibit "25" is a true and correct copy of the Management Service Agreement, produced by Andre Lallande, D.O. at his deposition.

45. Exhibit "26" is a true and correct copy of excerpts of the deposition of Alexandra Gardner in this matter.

46. Exhibit "27" is a true and correct copy of excerpts of the deposition of Jennifer Brewer in this matter.

47. Exhibit "28" is a true and correct copy of the responses of StemGenex, Inc., and StemGenex Medical Group, Inc. to Interrogatories from Jennifer Brewer (Set One), Numbers 1-3, as yet unverified.

48.     Exhibit "29" is a true and correct copy of the responses of Andre Lallande, DO, to Special Interrogatories by Alexandra Gardner (Set One), Nos. 8 and 9, with verification

49.     Exhibit "30" is a true and correct copy of the responses of Andre Lallande, DO, to Request for Admissions by Plaintiff Alexandra Gardner (Set One), No. 25, with verification.

50.     Exhibit "31" is a true and correct copy of the responses of StemGenex, Inc., Nos. 18 and 22, relating to Ex. "19" above, to Requests for Admissions from Alexandra Gardner (Set One), unverified.

51.     Exhibit "32" is a true and correct copy of excerpts of the deposition of Jamie Schubert [taken as Person Most Qualified of StemGenex, Inc.], in this matter.

52.     Exhibit "33" is a true and correct copy of an email produced by Defendant StemGenex, Inc., from Jamie Schubert to Rita Alexander dated March 16, 2016, entitled "Online Reputation Companies to Remove URLs", with following emails, SG009761, SG009166, SG010240-242, SG010249.

53.     Exhibit "34" is a true and correct copy of an email produced by Defendant StemGenex, Inc., from Candace Henderson to Andre Lallande, DO, dated April 18, 2016.

54.     Exhibit "35" is a true and correct copy of an email produced by Defendant

/

/

StemGenex, Inc., from Jamie Schubert to Rita Alexander, dated December 8, 2016.

55. I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this _____July 26_____ at San Diego, California.

_____
Elizabeth A. Banham

---

DECLARATION OF ELIZABETH A. BANHAM, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
*Case No.: 3:16-CV-02816-AJB-NLS*

12