1  Janice F. Mulligan (SBN 99080)
   *mulligan@janmulligan.com*
2  Elizabeth A. Banham (SBN 131734)
   *banham@janmulligan.com*
3  Brian K. Findley (SBN 251172)
   *findley@janmulligan.com*
4  **MULLIGAN, BANHAM & FINDLEY**
   2442 Fourth Avenue, Suite 100
5  San Diego, California 92101
   Telephone: (619) 238-8700
6  Facsimile: (619) 238-8701

7  Harvey C. Berger (SBN 102973)
   *berger@bwrllp.com*
8  Timothy G. Williams (SBN 193810)
   *williams@bwrllp.com*
9  Stephanie Reynolds (SBN 220090)
   *reynolds@bwrllp.com*
10 **BERGER, WILLIAMS & REYNOLDS, LLP**
   401 B Street, Suite 2000
11 San Diego, California 92101
   Telephone: (619) 595-1366
12 Facsimile: (619) 236-9677

13 Attorneys for Plaintiffs & Appointed as Class Counsel

14 **UNITED STATES DISTRICT COURT**

15 **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16 SELENA MOORER, individually and on behalf of others similarly situated, | Case No.: 3:16-cv-02816-AJB-AHG Class Action |
| 18 Plaintiffs, | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 19 vs. | **SUPPORT OF THEIR MOTION FOR FINAL APPROVAL OF CLASS** |
| 20 STEMGENEX MEDICAL GROUP, INC., a California corporation; | **ACTION SETTLEMENT/GOOD FAITH SETTLEMENT, AS** |
| 21 STEMGENEX, INC., a California corporation; STEM CELL RESEARCH | **BETWEEN PLAINTIFFS-CLASS MEMBERS AND DEFENDANT** |
| 22 CENTRE, INC., a California Corporation; ANDRE P. LALLANDE, D.O., an | **ANDRE P. LALLANDE, D.O.** |
| 23 Individual; SCOTT SESSIONS, M.D., an Individual; RITA ALEXANDER, an | Hearing: Judge: Hon. Anthony J. Battaglia |
| 24 Individual; and DOES 1-100, | Courtroom 4A Hearing Date: April 29, 2021 |
| 25 Defendants. | Hearing Time: 2:00 p.m. |
| 26 | |

27 / / /

28 / / /

1

Plaintiffs SELENA MOORER, REBECCA KING, JENNIFER BREWER, and ALEXANDRA GARDNER, including Subclass A Representatives JENNIFER BREWER and ALEXANDRA GARDNER, and Subclass B Representatives ANDREA ANDREWS and JENNIFER DELANEY (collectively, "Plaintiffs"), individually and on behalf of the 1,063 certified class members in this action (altogether, the "Class" or "Class Members"), submit this Memorandum of Points and Authorities in support of their Motion for Orders: (1) granting final approval to a settlement between the Class Members and Defendant ANDRE P. LALLANDE, D.O. ("Lallande") pursuant to Fed. R. Civ. P. 23(e); and (2) finding the settlement between the Class Members and Lallande is a "good faith settlement," including but not limited to as within the meaning of Sections 877 and 877.6 of the California Code of Civil Procedure.

## I.   **INTRODUCTION**

As Plaintiffs outlined in their Motion for Preliminary Approval ("MPA") and supporting papers and pleadings (Doc. Nos. 171-171.7), this case was filed on August 22, 2016 in State Court and subsequently removed to this Court. After extensive discovery and motion practice, on June 25, 2019, this Court granted Plaintiffs' Motion for Class Certification of all claims in Plaintiffs' operative Fourth Amended Complaint ("FAC") against Defendants STEMGENEX MEDICAL GROUP, INC., STEMGENEX, INC., STEM CELL RESEARCH CENTRE, INC., ANDRE P. LALLANDE, D.O., and RITA ALEXANDER (collectively, "Defendants"). (Doc. No. 134.) This Court supervised notice of the certified class action to the Class Members and, as of August 2020, the Class is known to be comprised of 1,063 individuals. (*See* Doc Nos. 166 & 167.)

On December 24, 2019, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") issued an Order granting a request for permission to appeal this Court's class certification order by four of the Defendants: STEMGENEX, INC., STEMGENEX MEDICAL GROUP, INC., STEM CELL RESEARCH CENTRE,

PLAINTIFFS' POINTS AND AUTHORITIES ISO MOTION FOR
FINAL APPROVAL/GOOD FAITH SETTLEMENT        3:16-cv-02816-AJB-AHG

INC., and RITA ALEXANDER (collectively, "the StemGenex Defendants") assigning the matter Case No. 19-56500 (the "Appeal"). (Ninth Circuit Doc. No. 10.) ANDRE P. LALLANDE, D.O. ("Lallande") filed a motion to join or intervene in the Appeal as an appellant (Ninth Circuit Doc. No. 8). A motion by Plaintiffs to expedite the appeal was granted by the Ninth Circuit on February 19, 2020. (Ninth Circuit Doc. No. 19.) The Appeal was fully briefed and oral argument heard on November 10, 2020. (Ninth Circuit Doc. Nos. 47 & 59.)

On November 24, 2020, the Ninth Circuit issued an opinion affirming every aspect of the June 25, 2019 Order granting Plaintiffs' Motion for Class Certification, but ordered the District Court to revise the Subclass definitions to include StemGenex customers who "saw" the misleading marketing material (commonly known as "Patient Satisfaction Ratings" or "PSRs"). (Ninth Circuit Doc. No. 62-1.) The Ninth Circuit held that the District Court correctly ruled on commonality, typicality, and predominance, and correctly certified a nationwide class. (*Id*., at 2-4.) The Subclass definitions were held to be potentially overbroad, however, and should be limited to the Class Members who saw the alleged misrepresentation. (*Id*., at 4.) On February 12, 2021, this Court amended its June 25, 2019 Order and revised the Subclass definitions accordingly. (Doc. No. 183.)

As Plaintiffs further outlined in their MPA, on August 20, 2020, during the pendency of the Appeal, the parties—Plaintiffs, the StemGenex Defendants, and Lallande—all attended a private mediation conducted by Judge Carl West (Ret.) of JAMS. Although there was no immediate settlement, after weeks of additional settlement discussions between Plaintiffs and Lallande, they reached an agreement to settle the Plaintiffs and all Class Members' claims in the action against Lallande, individually, which agreement was reduced to writing and executed as of October 10, 2020. (Doc. No. 171-4: "Settlement Agreement of Class Action Claims" ("Settlement Agreement").) Plaintiffs then moved this Court to preliminarily approve of the Settlement Agreement and find that it is a "good faith settlement" while Plaintiffs and

3

all Class Members are continuing to pursue their claims against the StemGenex Defendants, and the StemGenex Defendants were (at that time) continuing to pursue their Appeal.

On January 8, 2021, this Court granted Plaintiffs' MPA and established a process for notice to the Class. (Doc. No. 171: "Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Partial Class Action Settlement" ("PA Order").) As detailed below, notice was completed as ordered. No Class Members have objected to the settlement or otherwise filed any comments against it, and none have indicated intent to appear at the final approval hearing. Lallande also fulfilled his obligations to provide notice of the settlement to appropriate government agencies. This motion is timely filed within 21 days of the end of the 30-day notice period, i.e., by March 19, 2021. Accordingly, everything required by this Court's PA Order was accomplished in a timely and complete manner, and without any opposition. For all of the reasons supporting Plaintiffs' MPA, and because of the success of the settlement notice process, final approval is now appropriate.

## II.   FINAL APPROVAL SHOULD BE GRANTED

### A. The Notice Process Was Completed in A Timely Manner

This Court's PA Order stated:

> Having reviewed the proposed Notice of Partial Settlement of Certified Class Action, the Court concludes that the notice complies with Federal Rule of Civil Procedure 23. The Court also appoints A.B. Data, Ltd. as the third-party claims administrator. A.B. Data, Ltd. must (1) distribute the Notice of Partial Settlement of Certified Class Action by regular mail and email to all Class Members for whom such addresses are known within 21 days of the entry of this preliminary approval order; and (2) create and host the website for notice.

> . . .

4

1
2
3
4
5
6
7
8

The Court additionally (1) appoints A.B. Data, Ltd. as the settlement administrator and approves of Plaintiffs' proposed Class notice, (2) orders the 30-day notice period to begin within 21 days of the entry of this preliminary approval order, in which any comments/objections can be filed by Class Members, and (3) sets a final approval briefing schedule to begin within 21 days of the end of the 30-day notice period, with a hearing on fairness and final approval of the settlement to be held on April 29, 2021 at 2:00 PM.

9  (Doc. No. 174, 9:21-27 & 10:10-16.)

10   As detailed in the accompanying "Declaration of Mark Cowen in Support of
11  Motion for Final Approval of Settlement," AB Data, Ltd. successfully performed all
12  duties related to the notice process. AB Data, Ltd. received the complete Class List
13  from Class Counsel, updated mailing addresses, and beginning January 27, 2021,
14  timely mailed the court-approved "Notice of <u>Partial</u> Settlement of Certified Class
15  Action" ("Notice") to all 1,063 Class Members, including re-mailing as updated
16  addresses were obtained. (*Id*., ¶¶ 1-8, and Exhibit A thereto.) AB Data, Ltd. also
17  emailed the Notice to all known Class Member email addresses. (*Id*., ¶¶ 9-10.) AB
18  Data, Ltd. also established a website and call center for the case which received a
19  combined 614 hits/calls. (*Id*., ¶¶ 11-13.)

20   Additionally, as required by 28 U.S.C. § 1715, within 10 days of the filing of
21  Plaintiffs' MPA counsel for Lallande fulfilled the obligations to provide notice under
22  that section to all necessary government agencies. ("Declaration of Nicole T. Melvani,
23  Esq. In Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action
24  Settlement/Good Faith Settlement, as Between Plaintiffs-Class Members and
25  Defendant Andre P. Lallande, D.O.," ¶¶ 2-4.)

26  **B. <u>The Notice Process Was Successful</u>**

27   The 30-day period in which Class Members could object or comment as to the
28  settlement, or file a notice of intent to appear at the final approval hearing expired on

5

February 26, 2021. At no point during that period, or since, has any Class Member objected to or commented against the propriety of the settlement, or filed a notice of intent to appear at the final approval hearing.

Class Counsel has been in regular contact with AB Data, Ltd. throughout the Notice process. ("Declaration of Timothy G. Williams in Support of Plaintiffs' Motion for Final Approval," ¶ 2.) Class Counsel received numerous inquiries about the litigation and the settlement in the 30-day period, aside from other regular contact by Class Members both before and since that 30-day period. (*Id.*, ¶ 3.) Class Counsel did not receive any objections or comments against the settlement, or any indications that anyone intends to appear at the final approval hearing. (*Id.*)

Additionally, as necessitated by 28 U.S.C. § 1715(d), more than ninety days have elapsed since notice of the settlement for any governmental agency to object or intervene. No objections or intervention requests have been made.

**C.** **The Propriety of Certification of The Class for Settlement Has Been Confirmed, and Finality of The Appeal Does Not Impact This Settlement**

This Court first certified the Class in June 2019, and reiterated the propriety of the Class in its PA Order. The Ninth Circuit also confirmed that all elements of a Rule 23(b)(3) class exist in this action. Regardless of the Ninth Circuit's modification of the class definition—which ultimately may or may not remove any individual Class Member from the remainder the of litigation against the StemGenex Defendants— Plaintiffs and Lallande agreed the Settlement Agreement is not conditioned on the Appeal or its outcome, and the settlement class includes all 1,063 individuals. All financial and other obligations are expressly conditioned only on this Court's preliminary and final approval. Even if the Appeal had resulted in any removal of any of the 1,063 Class Members from the action for trial, it has no effect on this settlement because in such event the parties had stipulated to certification of a "settlement class" consisting of the same 1,063 Class Members for the sole purpose of effectuating this settlement. (Doc. No. 171-4, Sections B.7 & C.1.)

**D. <u>Allocation or Distribution of The Settlement Amount Is Not Presently Requested</u>**

As provided in the Settlement Agreement and as noted in Plaintiffs' MPA, Plaintiffs and Class Counsel do **not** presently request any allocation or distribution of the settlement money that is being paid by Lallande, through his insurer, The Doctors Company ("TDC"), of Two Million Five Hundred Thousand Dollars ($2,500,000) (the "Settlement Amount"). This is specifically because of the ongoing litigation with the StemGenex Defendants, and the uncertainty about finality of the action and the ultimate recovery by the Class. Moreover, a Mandatory Settlement Conference with the Plaintiffs and StemGenex Defendants is scheduled for March 26, 2021. (Doc. No. 185.)

In the Settlement Agreement, Plaintiffs and Lallande agreed that payment of the Settlement Amount will be made by TDC to the Court-appointed settlement administrator upon the final effective date of the approval process. (Doc. 171-4, Section B.6.) *But, the parties also agreed that because the Class is continuing to litigate the action against the StemGenex Defendants, Class Counsel will <u>not</u> seek a specific allocation and/or distribution of the Settlement Amount at this time—except as to the costs of administration expended by a court-appointed settlement administrator related to notice to the Class of this settlement.* (*Id*., Section C. 2.) The parties further agreed when Class Counsel does propose a specific allocation and distribution of the Settlement Amount, it will be limited to: any awards of service payments; any awards of attorney's fees and costs to Class Counsel; any costs of settlement administration; and payments to the Class. (*Id*.)

Assuming the Court grants final approval, Lallande is dismissed, and TDC makes its payment in a timely manner, Class Counsel will request that AB Data, Ltd. provide an interim invoice for all services to date. Class Counsel will submit an invoice to the Court at the appropriate time with a request for approval of payment to AB Data, Ltd.

7

Class Counsel will also continue to litigate the action against the StemGenex Defendants to finality, whether by settlement or trial and judgment. When there is an appropriate time for a proposal for allocation and distribution of the remainder of the Settlement Amount, Class Counsel will move for a further order and provide Plaintiffs' counsel's request for fees and costs, with detailed records of hours, rates, and costs documented as required by this Court's PA Order, 10:6-7. At that juncture, the Court will be in an informed position to consider how to allocate and distribute the Settlement Amount, as well as any additional recovery to the Class from the StemGenex Defendants.

**E.** **The Settlement Is Legally and Factually Appropriate in All Other Respects**

Plaintiffs' MPA and this Court's PA Order recite all of the reasons why the Settlement Agreement meets the standards of a fundamentally fair, adequate, and reasonable settlement under Fed. R. Civ. P. 23(e): the Class Representatives and Class Counsel have adequately represented the Class; the settlement with Lallande was negotiated at arm's length between experienced counsel and an insurer with the experience of a retired judge who has handled scores of complex cases; and the relief provided for the Class is adequate, taking into account the costs, risks, and delay of trial and appeal. Fed. R. Civ. P. 23(e)(2)(A)-(C)(i). The factors of Rule 23(e)(2)(C)(ii) (the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims) and (iii) (the terms of any proposed award of attorney's fees, including timing of payment) are not at issue because no such distributions will be sought until an appropriate later stage of the case. There are no other "agreements" regarding this settlement which would be required to be identified under Rule 23(e)(3). The settlement otherwise treats all Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D). Plaintiffs' MPA and this Court's PA Order also confirm all of the reasons why the Settlement Agreement is a good faith settlement under California Code of Civil Procedure Sections 877 and 877.6.

## III.   **CONCLUSION**

There was no opposition to Plaintiffs' MPA. The Notice process was successful. No Class Member or government agency has objected to or commented against the settlement, or stated an intent to appear at the final approval hearing. All aspects of Fed. R. Civ. P. 23(e) and California Code of Civil Procedure Sections 877 and 877.6 have been fulfilled. For all of these reasons, the Court should grant Plaintiffs' motion and enter an order of final approval of the settlement under Fed. R. Civ. P. 23(e), and good faith settlement under California Code of Civil Procedure Sections 877 and 877.6.

The Court's final approval order should also order the parties to continue to comply with all aspects of the Settlement Agreement (Doc. No. 171-4), including but not limited to:

- Lallande, through his insurer, TDC, to pay the Settlement Amount as a no reversion/no refund settlement payment to settle and resolve all claims in the action by or on behalf of the 1,063 Class Members against Lallande, individually. Payment by must be made by wire transfer in one lump sum payment to a qualified settlement fund established by AB Data, Ltd. within ten (10) business days of the "Final Effective Date," as defined in Section D.1. of the Settlement Agreement. In accordance with future orders of this Court, the Settlement Amount will only be used: to pay claim shares to the 1,063 Class Members; to pay a settlement claims administrator; to pay any amounts that may be awarded as service fees; and to pay Class Counsel for any award of attorneys' fees, costs and expenses incurred in the action. (Sections B.4., B.6. & D.1.)

- In exchange for the Settlement Amount, the Court should enter a dismissal with prejudice of the action by the 1,063 Class Members against Lallande, individually, to include the FAC and all Counts and all forms of relief sought by the 1,063 Class Members through the FAC against Lallande, individually, that

9

arose within the Subclass periods certified by the Court. (Sections B.4. & B.9.) The releases by the Class Members afforded Lallande are strictly limited to the claims in the action (and California Civil Code Section 1542) in Sections D.2 and D.3, which provide that upon the Final Effective Date, in and for the valuable consideration as provided in the Settlement Agreement, each of the 1,063 Class Members agree that they forever discharge, waive, and release Lallande, individually, and the Doctors Company, from any and all claims, demands, obligations, actions, causes of action, damages, whether based in tort, contract, statute, or otherwise, arising from the FAC, to include the FAC and all Counts and all forms of relief sought by the 1,063 Class Members through the FAC against Lallande, individually, that arose within the Subclass periods certified by the District Court.

Finally, the Court should order AB Data., Ltd. to maintain the Settlement Amount in an interest-bearing qualified settlement fund until further distribution orders are entered.

For all of the foregoing reasons, Plaintiffs and Class Counsel request the motion be granted and a corresponding order entered by the Court.

Respectfully submitted,

Dated: March 19, 2021          **BERGER, WILLIAMS & REYNOLDS, LLP**

By: /s/ Timothy G. Williams
Timothy G. Williams
Attorneys for Plaintiffs/Class Counsel

10