1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MOORER, individually and on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>STEMGENEX MEDICAL GROUP, INC., a California corporation; STEMGENEX, INC., a California corporation; STEM CELL RESEARCH CENTRE, INC., a California Corporation; ANDRE P. LALLANDE, D.O., an Individual; SCOTT SESSIONS, M.D., and Individual; RITA ALEXANDER, an Individual; and DOES 1-100,<br><br>     Defendants. | Case No.: 3:16-cv-02816-AJB-AHG<br>Certified Class Action<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT/GOOD FAITH SETTLEMENT, AS BETWEEN PLAINTIFFS-CLASS MEMBERS AND DEFENDANT ANDRE P. LALLANDE, D.O.**<br><br>**(Doc. No. 191)** |

Presently before the Court is Selena Moorer, Rebecca King, Jennifer Brewer, and Alexandra Gardner, including Subclass A Representatives Jennifer Brewer and Alexandra Gardner, and Subclass B Representatives Andrea Andrews and Jennifer Delaney's (collectively, "Plaintiffs") motion for orders: (1) granting final approval of a settlement between the Class Members and Defendant Andre P. Lallande, D.O. ("Lallande"), pursuant to Fed. R. Civ. P. 23(e), and (2) finding the settlement between the Class Members and Lallande a "good faith settlement," within the meaning of

Sections 877 and 877.6 of the California Code of Civil Procedure. (Doc. No. 191.) The Court held a hearing on Plaintiffs' motion on April 29, 2021, at 2:00 p.m., as scheduled by Order entered January 8, 2021 (Doc. No. 171) (the "Preliminary Approval Order"), and heard oral argument by counsel for Plaintiffs and counsel for Lallande. No other parties or Class Members appeared at the noticed hearing on April 29, 2021. Plaintiffs' motion is unopposed. Having reviewed the moving papers under controlling legal authority, and after the April 29, 2021 hearing, for the reasons set forth below the Court **GRANTS** Plaintiffs' unopposed motion in its entirety.

The background, relevant procedural history of this case, and governing legal standards for the settlement are detailed in this Court's Order Preliminary Approval Order. Among other requirements, the Preliminary Approval Order established deadlines to complete notice to Class Members.

As evidenced by Plaintiffs' motion, AB Data, Ltd. successfully performed all duties related to the notice process in a timely manner as required by the Preliminary Approval Order, including: updating Class Member mailing addresses, and beginning on January 27, 2021, mailing the Court-approved "Notice of Partial Settlement of Certified Class Action" ("Notice") to all 1,063 Class Members, including re-mailing as updated addresses were obtained; emailing the Notice to all known Class Member email addresses; and establishing a website and call center for the case, which received Complaint a combined 614 hits/calls. The 30-day period in which Class Members could object or comment as to the settlement, or file a notice of intent to appear at the final approval hearing expired on February 26, 2021. At no point during that period or since has any Class Member objected to or commented against the propriety of the settlement, and none filed a notice of intent to appear at the final approval hearing or made such appearance. As evidenced by Plaintiffs' motion, Class Counsel received numerous inquiries about the litigation and the settlement in the 30-day period, aside from other regular contact by Class Members both before and since that 30-day period. Class Counsel did not receive any objections or comments against the settlement.

As also evidenced by Plaintiffs' motion, Lallande timely fulfilled the notice requirements of 28 U.S.C. § 1715. More than ninety days have elapsed, as necessitated by Section 1715(d), for any governmental agency to intervene or object to the settlement. No such objections or intervention requests have been made.

Accordingly, the Court finds that the requirements of all applicable authority pertaining to Fed. R. Civ. P. 23(e) have been met, including but not limited to those required by *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004). Among other criteria, payment of the Settlement Amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) as a no reversion/no refund settlement payment by Lallande to settle and resolve all claims in the action by or on behalf of the 1,063 Class Members against Lallande, individually, is a fair, reasonable, and appropriate settlement amount. The Court also finds that the requirements of all applicable authority pertaining to Sections 877 and 877.6 of the California Code of Civil Procedure have been met, including but not limited to those required by *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488 (Cal. 1985).

For all of the foregoing reasons, and those in the Preliminary Approval Order, the Court **GRANTS** Plaintiffs' unopposed motion for final approval of the settlement between Plaintiffs and Lallande in accordance with Fed. R. Civ. P. 23(e). The Court further **GRANTS** Plaintiffs' unopposed motion finding that the settlement between Plaintiffs and Lallande is a "good faith settlement" under California Code of Civil Procedure Sections 877 and 877.6, and that it is sufficient to bar future claims for contribution or indemnification by the non-settling defendants in this action.

The Court further **ORDERS** the parties to continue to comply with all aspects of the Settlement Agreement (Doc. No. 171-4), including but not limited to:

- Lallande, through his insurer, The Doctors Company, must pay the Settlement Amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) as a no reversion/no refund settlement payment to settle and resolve all claims in the action by or on behalf of the 1,063 Class Members

3

against Lallande, individually. Payment by must be made by wire transfer in one lump sum to a qualified settlement fund established by AB Data, Ltd. within ten (10) business days of the entry of this Order (as dictated by Sections B.6 and D.1. of the Settlement Agreement).

- AB Data., Ltd. must maintain the Settlement Amount in an interest-bearing qualified settlement fund until further Orders of this Court.
- Class Counsel must apply to this Court for further Orders regarding distribution of the Settlement Amount at appropriate stages of this case.

The Court further **ORDERS** that Lallande, individually, is **DISMISSED WITH PREJUDICE** from this action by the 1,063 Class Members, as to the operative Fourth Amended Complaint ("FAC") and all Counts and all forms of relief sought by the 1,063 Class Members through the FAC against Lallande, individually, that arose within the Subclass periods certified by the Court. These releases by the Class Members afforded Lallande are strictly limited to the claims in the action (and California Civil Code Section 1542), which provide that upon the date of entry of this Order, each of the 1,063 Class Members agree for themselves, and their spouses, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, principals, agents, representatives, employees, attorneys, successors and assigns, and other persons or entities acting on their behalf, that they forever discharge, waive, and release Lallande, individually, and the Doctors Company, from any and all claims, demands, obligations, actions, causes of action, damages, whether based in tort, contract, statute, or otherwise, arising from the FAC, to include the FAC and all Counts and all forms of relief sought by the 1,063 Class Members through the FAC against Lallande, individually, that arose within the Subclass periods certified by the District Court.

The Court retains jurisdiction over the Action and the Settlement Agreement in order to enforce its terms and conditions, and to resolve any dispute regarding the

4

1   Settlement Agreement   or any issues that may arise with respect to settlement
2   administration.

3

4        **IT IS SO ORDERED.**
     Dated:  May 4, 2021
5
6                                              Hon. Anthony J. Battaglia
7                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5