Janice F. Mulligan (SBN 99080)
*mulligan@janmulligan.com*
Elizabeth A. Banham (SBN 131734)
*banham@janmulligan.com*
**MULLIGAN LAW**
2442 Fourth Avenue, Suite 100
San Diego, California 92101
Telephone: (619) 238-8700
Facsimile: (619) 238-8701

Brian K. Findley (SBN 251172)
*brian@findleyinjurylaw.com*
**FINDLEY LAW**
1602 5th Avenue, Suite 625
San Diego, California 92101
Telephone/Facsimile: (619) 860-1712

Harvey C. Berger (SBN 102973)
*berger@bwrllp.com*
Timothy G. Williams (SBN 193810)
*williams@bwrllp.com*
Stephanie Reynolds (SBN 220090)
*reynolds@bwrllp.com*
**BERGER, WILLIAMS & REYNOLDS, LLP**
401 B Street, Suite 2000
San Diego, California 92101
Telephone: (619) 595-1366
Facsimile: (619) 236-9677

Attorneys for Plaintiffs & Appointed as Class Counsel

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MOORER, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STEMGENEX MEDICAL GROUP, INC., a California corporation; STEMGENEX, INC., a California corporation; STEM CELL RESEARCH CENTRE, INC., a California Corporation; ANDRE P. LALLANDE, D.O., an Individual; SCOTT SESSIONS, M.D., an Individual; RITA ALEXANDER, an Individual; and DOES 1-100, <br><br> Defendants. | Case No.: 3:16-cv-02816-AJB-AHG <br> Class Action <br><br> **DECLARATION OF ELIZABETH A. BANHAM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN PLAINTIFFS-CLASS MEMBERS AND DEFENDANTS STEMGENEX MEDICAL GROUP, INC., STEMGENEX, INC., STEM CELL RESEARCH CENTRE, INC., AND RITA ALEXANDER** <br><br> Hearing: <br> Judge: Hon. Anthony J. Battaglia <br> Courtroom 4A <br> Hearing Date: February 24, 2022 <br> Hearing Time: 2:00 p.m. |

1

I, ELIZABETH A. BANHAM, declare:

1. I am an attorney at law licensed to practice before all courts in the State of California, and I am admitted before this Court. I am a partner at Mulligan, Banham & Findley, attorneys of record in the above action for Plaintiffs SELENA MOORER, REBECCA KING, JENNIFER BREWER, and ALEXANDRA GARDNER, including Subclass A Representatives JENNIFER BREWER and ALEXANDRA GARDNER, and Subclass B Representatives ANDREA ANDREWS and JENNIFER DELANEY (collectively, "Plaintiffs"), individually and on behalf of the 1,063 certified class members in this action (altogether, the "Class" or "Class Members"), and I have been appointed as Class Counsel by this Court in this action. I submit this Declaration in support of Plaintiffs' Motion for an Order granting final approval to a settlement between the Class Members and Defendants STEMGENEX MEDICAL GROUP, INC., STEMGENEX, INC., STEM CELL RESEARCH CENTRE, INC., and RITA ALEXANDER ("Defendants") pursuant to Fed. R. Civ. P. 23(e). I am familiar with this case and I declare that the matters below are within my personal knowledge, and that I could and would competently testify to them if called upon to do so in Court.

2. I, and others in my law firm, have been in regular contact with our co-counsel, Berger, Williams & Reynolds, LLP, and with the Court-appointed settlement administrator, AB Data, Ltd., throughout the process in which AB Data, Ltd. has mailed the court-approved "Notice of Settlement of <u>Entire</u> Certified Class Action" ("Notice") to all 1,063 Class Members. My law firm received numerous inquiries about the litigation and the settlement by Class Members both before and during the 30-day period in which the Notice was mailed, aside from other regular contact by Class Members. My law firm did not receive any written objections or comments against the settlement, nor any indications that anyone intends to appear at the final approval hearing.

3. I submitted a Declaration on September 24, 2021 in support of Plaintiffs' Motion for Preliminary Approval ("Preliminary Approval Motion"), which was filed

as Doc. 206.4. As I attested in paragraph 15 thereof, I identified that Doc. No. 206.5, Ex. 6, pp. 56-61, was a true and correct copy of Mulligan, Banham & Findley's Costs Report through August 31, 2021. The itemization of such costs totaled $209,054.12, as of August 31, 2021 (after accounting for costs reimbursed and cost-sharing).

4. I prepared Exhibit 2 filed in support of Plaintiffs' final approval motion. I attest that: page 1 thereof is a true and correct copy of Mulligan, Banham & Findley's Costs Report from September 1, 2021 through December 31, 2021, which total $22,581.98; and that page 2 thereof is an updated version of offset payments for cost-sharing payments received from Berger, Williams & Reynolds, LLP and other reimbursements from counsel totaling $49,975.60. There is an additional offset for a cost-sharing payment received from Berger, Williams & Reynolds, LLP for $125.00 not reflected on page 2 of Exhibit 2, which brings the total of offset payments received by Mulligan, Banham & Findley to $50,100.60. The itemized costs reflected on page 1 of Exhibit 2 totaling $22,581.98 include copy costs incurred to date for this matter as reflected in our firm's system, which were not previously included on Doc. No. 206.5, Ex. 6, pp. 56-61. The costs of $22,581.98 are in addition to what was incurred by our firm as of August 31, 2021, which was $258,779.72. Adding the $258,779.72 + $22,581.98 = $281,361.70 in costs incurred, less the offset of $50,100.60, which reduces Mulligan, Banham & Findley's total "out-of-pocket" costs to $231,261.10. As I attested in my Declaration filed September 24, 2021 in support of Plaintiffs' Preliminary Approval Motion (Doc. 206.4, para. 15), Mulligan, Banham & Findley's costs incurred in this action of $231,261.10 through December 31, 2021 are inclusive of all litigation-related costs and settlement-related expenses, the majority of which (as itemized) were larger expense items related to depositions, travel for depositions around the country, and payment of fees to expert witnesses, appellate counsel, and bankruptcy counsel.

5. Mulligan, Banham & Findley expects to incur any additional costs in this case through and beyond final approval. Such costs are expected to be inclusive of

paying $125/month for continuing storage fees for the first nine months of 2022, related to maintenance of files and records which Class Counsel obtained from the Bankruptcy Trustee related to the STEMGENEX, INC. bankruptcy, of which Class Counsel took possession for litigation of this case, plus an estimated $300 for destruction of such material. As a result, Mulligan, Banham & Findley anticipates its final costs incurred in this matter through case closure for which it seeks reimbursement are $232,686.10. That figure does not encompass all actual costs incurred by our firm, because it is exclusive of other nominal costs our law firm has incurred but for which we are not seeking reimbursement—items primarily travel-related expenses for depositions such as meals and internet charges—which will actually increase the total costs incurred by Mulligan, Banham & Findley to over $233,000.00 by the time of case closure.

6. As I attested in my Declaration filed September 24, 2021 in support of Plaintiffs' Preliminary Approval Motion (Doc. 206.4, para. 16-19), Mulligan, Banham & Findley's, although my firm is primarily a contingency fee plaintiffs' practice, regarding attorney time in this case it has been our law firm's practice to maintain contemporaneous time records setting forth the amount of time spent–in tenths of an hour–for each and every task on this case. We exercise billing judgment before recording time, refraining from entering time that might be duplicative or unnecessary, and after recording time we eliminate or reduce hours of time originally recorded for work that may have been inefficient. As of December 31, 2021, Mulligan, Banham & Findley's detailed timesheets include over 1,947 hours having been spent to date on this matter.  Such records can be summarized as containing the following information:

- I recorded 1,748 hours;
- Associate attorney Keenan O'Connor recorded 157.80 hours;
- My partner Brian Findley recorded 33.60 hours on the case; and
- My partner Janice F. Mulligan recorded 8.40 hours on the case.

7. As I attested in my Declaration filed September 24, 2021 in support of Plaintiffs' Preliminary Approval Motion (Doc. 206.4, para. 17), the tasks performed by my partners and associate and by me on this case have included, but have not been limited to: investigation of underlying facts and research, meetings and communications with the class representatives and declarants; extensive legal research regarding the class members' claims, review and analysis of thousands of pages of medical records and correspondence/emails of many consumers of the StemGenex product/service and also thousands of pages of marketing materials; preparation of the original Complaint and three Amended Complaints; law and motion work; engaging of co-counsel and working together on discovery; nationwide depositions in person, involving significant travel in the years prior to the accepted use of virtual depositions; preparation of notice letters and filings; extensive communications with Defendants' counsel; analysis of thousands of pages of data as well as taking the depositions of key corporate representatives; motion for Class Certification work; work on opposing the appeal of Class Certification by Defendants to the Ninth Circuit; working extensively with coverage counsel; preparation for mediation and attendance and participation at all mediations and Mandatory Settlement Conferences and settlement discussions, preparation of and revisions to the settlement agreements; work on the motion for approval of the settlement by Dr. Lallande; and follow-up on issues presented by settlement.

8. As I attested in my Declaration filed September 24, 2021 in support of Plaintiffs' Preliminary Approval Motion (Doc. 206.4, para. 18), the foregoing descriptions and totals do not account for every actual event and all actual time that timekeepers for Mulligan, Banham & Findley, have spent on this matter because we did not record all of our time for every single task each time we worked on the case; for example, time spent discussing strategic issues in the case during interoffice conferences or those with co-counsel was not always recorded. My partners Jan Mulligan and Brian Findley and I recorded no time for the weekly meetings we had on

this case over the five years in which the case has been pending in order to keep each other updated. The recorded hours also do not account for all time spent in preparation of every meeting, motion, or other task requiring attorney preparation, nor for the instant motion. The time recorded through December 31, 2021 is also exclusive of time incurred after January 1, 2022 which we will devote to this matter through final approval, distribution, and case closure in the Court's file. I estimate that the total of number Mulligan, Banham & Findley's hours to be recorded by the conclusion of this case will be in the range of 2,000 hours.

9. As I attested in my Declaration filed September 24, 2021 in support of Plaintiffs' Preliminary Approval Motion (Doc. 206.4, para. 19), the current market value of our work, upon research of local comparable rates, is $475 per hour for myself (PA, NJ and CA Bar 1987, and MA Bar 1989, now active only CA) and attorneys Janice Mulligan (CA Bar 1981) and Brian Findley (CA Bar 2007), and $300 per hour for our associate Keenan O'Connor (CA Bar 2016). In total, I estimate that the reasonable value of Mulligan, Banham & Findley attorney time by the conclusion of this case will be in the range of $900,000. The time and value of Mulligan, Banham & Findley's timekeeper hours are separate and apart from the timekeeper hours expended by Berger, Williams & Reynolds, LLP.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Declaration was executed on January 6, 2022, in San Diego, California.

/s/ Elizabeth A. Banham  
Elizabeth A. Banham