UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MOORER, individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>STEMGENEX MEDICAL GROUP, INC., a California corporation; STEMGENEX, INC., a California corporation; STEM CELL RESEARCH CENTRE, INC., a California corporation; ANDRE P. LALLANDE, D.O., an Individual; SCOTT SESSIONS, M.D., an Individual; RITA ALEXANDER, an Individual; and DOES 1 through 100,<br><br>                              Defendants. | Case No.: 16-cv-02816-AJB-AHG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**(Doc. No. 212)** |

      Presently before the Court is Plaintiffs Selena Moorer, Rebecca King, Jennifer Brewer, and Alexandra Gardner, including Subclass A Representatives Jennifer Brewer and Alexandra Gardner, and Subclass B Representatives Andrea Andrews and Jennifer Delaney's (collectively, "Plaintiffs") motion for final approval of class action settlement as between Plaintiffs-Class Members and Defendants StemGenex Medical Group, Inc., StemGenex, Inc., Stem Cell Research Centre, Inc., and Rita Alexander (collectively, "StemGenex Defendants"). (Doc. No. 212.) The deadline to object to the Settlement was

1

January 21, 2022. StemGenex Defendants filed a Notice of Non-Opposition. (Doc. No. 214.) The Court held a hearing on Plaintiffs' Final Approval Motion on February 24, 2022, at 2:00 p.m. No other parties or Class Members appeared at the noticed hearing. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Final Approval Motion in its entirety and orders distribution of all settlement proceeds as detailed below.

## I. BACKGROUND

The extensive factual background of this case has been previously detailed in (1) this Court's October 26, 2021 Preliminary Approval Order, and (2) related orders approving of the previous partial settlement between Plaintiffs and Andre P. Lallande, D.O. (*See, e.g.*, Doc. Nos. 174 and 210.)

On August 6, 2018, Plaintiffs filed a motion for class certification. (Doc. No. 95.) The motion was granted by the Court on June 25, 2019. (Doc. No. 134.) In December 2019, the Ninth Circuit issued an order granting a request for permission to appeal this Court's class certification order by the StemGenex Defendants.

In August 2020, during the pendency of the appeal, the parties—Plaintiffs, the StemGenex Defendants, and Lallande—all attended a private mediation conducted by Judge Carl West (Ret.) of JAMS. There was no immediate settlement, but after weeks of additional settlement discussions between Plaintiffs and Lallande, an agreement was reached to settle the Plaintiffs and all Class Members' claims against Lallande, individually. (Doc. No. 171-4.) This Court then granted preliminary approval and final approval of the Lallande Settlement on January 8, 2021, and May 4, 2021, respectively. (Doc. Nos. 174, 198.)

On February 3, 2021, the Ninth Circuit issued a Mandate affirming every aspect of the Court's order granting Plaintiffs' motion for class certification, but ordered the Court to revise the Subclass definitions to include StemGenex customers who "saw" the misleading marketing material. Thus, the following week, this Court entered an Amended Order granting class certification and revising the subclass definition of its 2019 Order. (Doc. No. 183.)

On July 9, 2021, Plaintiffs and StemGenex Defendants (collectively, the "Parties") filed a joint statement regarding notice to the Class. (Doc. No. 203.) The Parties "also appeared at two Mandatory Settlement Conferences with Magistrate Judge Goddard, considered two separate 'Mediator's Proposals,' and had extensive dialogue with Judge Goddard in her capacity as a settlement conference officer." (Doc. No. 212-1 at 8.) On September 23, 2021, the Parties reduced their agreement to writing and executed it as of the same day and submitted it to the Court for preliminary approval of settlement. (Doc. No. 206.)

The preliminary approval order established a process for notice to the Class. (*Id.*) Notice was completed as ordered and no Class Members have objected to the settlement. The instant motion was timely filed within 21 days of the end of the 30-day notice period. This hearing follows.

## II.   LEGAL STANDARD

A class action may not be settled without court approval, "which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing Fed. R. Civ. P. 23(e)(2)). The Ninth Circuit Court of Appeals has a "strong judicial policy" in support of class action settlements. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, when presented with a motion to finally approve a class action settlement, "judges have the responsibility of ensuring fairness to all members of the class . . . ." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

## III.   MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

### A.   Class Certification

Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect

absentees). In the present case, the Court previously granted Plaintiffs' motion for class certification, which was upheld on appeal to the Ninth Circuit, with a slight modification to the class definition. (Doc. No. 183.) Accordingly, the Court reaffirms and incorporates by reference its prior analysis under Rules 23(a) and (b)(3) as set forth in its Order Granting Plaintiffs' Motion for Class Certification. (*See* Doc. No. 134, *as amended by* Doc. No. 183.)

### B.  Adequacy of Notice

Next, the Court must determine whether the Class received adequate notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

In its Preliminary Approval Order, the Court preliminarily approved the Parties' proposed notice and notice plan. (*See* Doc. No. 210 at 10–11.) As part of their Final Approval Motion, Plaintiffs filed the Declaration of Mark Cowen, who is "a Project Manager at A.B. Data, Ltd.'s Class Action Administration Division." (Declaration of Mark Cowen ("Cowen Decl."), Doc. No. 212-4, ¶ 1.) In his declaration, Mr. Cowen details the actions taken by A.B. Data, Ltd. to provide notice in accordance with the Preliminary Approval Order. (*Id.* ¶¶ 3–10.) Having reviewed Mr. Cowen's declaration, the Court finds the Settlement Class received adequate notice of the Settlement.

### C.  Fairness of the Settlement

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C), while considering the fairness factors.

In its Preliminary Approval Order, the Court addressed each of the fairness factors in turn and found all the pertinent factors weighed in favor of approving the Settlement. (*See* Doc. No. 210 at 7–10.) Among other criteria, (1) the payment of the $2,500,000.00 as a no reversion/no refund settlement payment from the previous partial settlement between Plaintiffs and Lallande, and (2) payment by StemGenex Defendants of an additional

$1,150,000.00 as a no reversion/no refund settlement payment to settle and resolve all claims in the action by or on behalf of the 1,063 Class Members against Defendants, which will altogether be a total of $3,650,000.00 ("Total Settlement Fund"), is a fair, reasonable, and appropriate settlement amount to resolve all claims in this action. No Class Member has filed an objection or comment against either settlement. (Cowen Decl. ¶ 11.) Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the Rule 23(e) requirements as set forth in its Preliminary Approval Order. (*See* Doc. No. 210 at 7–10.) Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

## IV. ATTORNEYS' FEES AND COSTS

### A. Attorneys' Fees

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). However, courts must ensure the award is reasonable, even if the parties have agreed to an amount. *In re Bluetooth*, 654 F.3d at 941. "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Id.* at 942; *see Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 504 (2016) ("The choice of a fee calculation method is generally one within the discretion of the trial court, the goal under either the percentage or lodestar approach being the award of a reasonable fee to compensate counsel for their efforts."). Irrespective of which methodology a court uses, the court cannot apply it mechanically or formulaically, but must ensure that the fee award is reasonable. *In re Mercury Interactive Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

Under the percentage-of-recovery method, the benchmark for a reasonable fee award is 25% of the common fund. *Id.* However, a district court "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six (6) Mexican Workers*

*v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1995)). The court must consider all the circumstances of the case to determine an appropriate rate, including the results achieved, the risk counsel took in pursuing the case, incidental or non-monetary benefits of the litigation, and the time and money counsel expended on the case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

Here, Class Counsel request attorneys' fees of $1,095,000, or 30% of the Total Settlement Fund of $3,650,000. (Doc. No. 212-1 at 16.) While this amount exceeds the benchmark rate of 25%, the lodestar amount, according to Plaintiffs, is approximately $2,500,000, or over twice the fee award sought. (*Id.* at 21.) Counsel contends they have litigated this case for over five years, defended against numerous challenges to the Complaint, obtained an order granting class certification following extensive discovery, and pursued one defendant through Bankruptcy Court, justifying the increase from the benchmark percentage rate. Courts in this Circuit have routinely authorized similar awards. *See, e.g.*, *Ripee v. Bos. Mkt. Corp.*, No. 05cv1359 BTM (JMA), 2006 WL 8455400, at *4 (S.D. Cal. Oct. 10, 2006) (award of 40% of $3,750,000 wage and hour class action settlement); *Stuart v. RadioShack Corp.*, No. C-07-4499-EMC, 2010 WL 3155645, at *6 (N.D. Cal. Aug. 9, 2010) (finding 33% fee award "well within the range of percentages which courts have upheld as reasonable in other class action lawsuits"). As such, the Court finds the requested amount for attorneys' fees reasonable and approves the award in the amount of $1,095,000.

### B. Litigation Expenses

In their motion, Plaintiffs seek an award of $460,622.01 in litigation costs. (Doc. No. 212-1 at 22.) Class Counsel is entitled to reimbursement of the out-of-pocket costs they reasonably incurred investigating and prosecuting this case. *See Staton*, 327 F.3d at 974. As of December 31, 2021, Berger, Williams & Reynolds, LLP seeks $227,935.91 in costs, and does not anticipate any additional costs through final approval. (Williams Decl. at 5.) Mulligan, Banham & Findley seeks reimbursement of $232,686.10 in costs through case closure. (Banham Decl. at 5.) No Class Member has objected to the request for

reimbursement of $460,622.01 in costs. The Court finds that Class Counsel's out-of-pocket costs were reasonably incurred in connection with the prosecution of this litigation, were advanced by Class Counsel for the benefit of the Class, and shall be reimbursed in full in the amount requested. The Court approves the request for litigation costs and expenses in the amount of $460,622.01.

### C. Administrative Costs

Plaintiffs request the Court to award $45,000 to A.B. Data, Ltd., the appointed Settlement Administrator, from the Total Settlement Fund of $3,650,000. (Doc. No. 212-1 at 16.) In both this and the Lallande settlement, A.B. Data, Ltd. took steps to implement notice of the settlements, including: "i) mailing the Court-approved 'Notice of Settlement of [] Class Action' . . . to the 1,063 Class Members; ii) emailing the Notice to Class Members where an email address was available; and iii) establishing and maintaining a case-specific website displaying the substance of the Notice and a toll-free telephone number." (Cowen Decl. ¶ 3.)

Courts regularly award administrative costs associated with providing notice to the class. *See Vasquez v. Kraft Heinz Foods Co.*, No. 3:16-cv-2749-WQH-BLM, 2020 WL 1550234, at *9 (S.D. Cal. Apr. 1, 2020) (awarding $50,000 for administrative costs). The Court concludes A.B. Data Ltd.'s costs were reasonably incurred for the benefit of the Class. The Court approves Class Counsel's request for administrative costs in the amount of $45,000.

### D. Incentive Awards to Class Plaintiffs

Finally, the Settlement Agreement provides the Class Representatives will receive a total of $15,500.00 to be paid from the Total Settlement Fund of $3,650,000. (Doc. No. 212-1 at 12–13.) Specifically, Plaintiffs request incentive awards of $3,000 each to Plaintiffs King, Gardner, and Brewer, $2,000 each to Plaintiffs Moorer and Andrews, $1,500 to Plaintiff Delaney, and $1,000 to Plaintiff Ginsberg. (*Id.*)

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by

themselves, create an impermissible conflict between class members and their representatives." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (internal citation and quotations omitted). Named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton*, 327 F.3d at 977. The incentive award for each Class Plaintiff in this case is presumptively reasonable. *See, e.g.*, *Lloyd v. Navy Fed. Credit Union*, No. 17-cv-1280-BAS-RBB, 2019 WL 2269958, at * (S.D. Cal. May 28, 2019) (awarding a service award of $5,000 to each Class Representative); *Vasquez*, 2020 WL 1550234, at *9 (finding reasonable incentive awards of $7,500 and $3,000).

Here, each of the six individuals contributed to the prosecution of this action and the settlement in various ways and to various degrees. Initially, they all sought the advice of counsel in this matter and were advised by Class Counsel of the time, costs, and risks associated with being a plaintiff in a lawsuit, and specifically, with being a plaintiff and class representative in a class action lawsuit. Despite the risks and delays associated with this lawsuit, each of them proceeded on behalf of the potential class, and assisted counsel in preparing the complaints, with investigation and discovery processes, and in the settlement phases. They met and communicated with Class Counsel regularly over the past five years and have each pursued the Class claims on behalf of other individuals unknown to them. No objections were lodged to the proposed service awards. Accordingly, the Court finds the service awards to the Class Plaintiffs are appropriate.

## V. CONCLUSION

Based on the foregoing and the entire record, the Court **GRANTS** Plaintiffs and Class Counsel's motion for final approval of the Settlement. The Court further **ORDERS**:

1. StemGenex Defendants, through their insurer, Admiral Insurance Company, to pay the Settlement Amount of $1,150,000.00 as a no reversion/no refund settlement payment to settle and resolve all claims in the action by or on behalf of the 1,063 Class Members against each of the Defendants and Scott Sessions, M.D. Payment by must be made by wire transfer in one lump sum payment to a qualified settlement

fund established by AB Data, Ltd. within ten (10) business days of the "Final Effective Date," as defined in Section D.1. of the Settlement Agreement. In accordance with future orders of this Court, the Settlement Amount will only be used: to pay claim shares to the 1,063 Class Members; to pay a settlement claims administrator; to pay any amounts that may be awarded as service fees; and to pay Class Counsel for any award of attorneys' fees, costs, and expenses incurred in the action.

2. As soon as practicable after receipt of the $1,150,000.00, and within thirty days, A.B. Data, Ltd. must distribute all of the $3,650,000.00, plus any accrued interest, by paying Class Counsel's attorney's fees and costs as stated above; distributing checks for the service awards as stated above; withdrawing its administrative costs as stated above; and distributing the balance of the money equally among the 1,063 Class Members as indicated in the Declaration of Mark Cowen supporting Plaintiff's Motion for Final Approval, ¶ 6, including as provided by Section C.7. of both settlement agreements:

> In the event that any Class Member does not cash issued settlement proceeds, such funds will be submitted for escheatment by the court approved settlement administrator to the State of California Unclaimed Property Fund (or similar appropriate state agency) in the names of each Class Member whose check is un-cashed. It is specifically understood and agreed that any such monies will not revert to [the Defendants] nor be paid to any *cy pres* recipients.

3. In exchange for the Settlement Amount, StemGenex Medical Group, Inc., StemGenex, Inc., Stem Cell Research Centre, Inc., Rita Alexander, and Scott Sessions, M.D. are also **DISMISSED WITH PREJUDICE**. The releases by the Class Members afforded StemGenex Defenants are strictly limited to the claims in the action (and California Civil Code Section 1542) in Sections D.2 and D.3 of the Settlement Agreement, which provide that upon the Final Effective Date, in and for the valuable consideration as provided in the Settlement Agreement, each of the

1,063 Class Members agree that they forever discharge, waive, and release the StemGenex Defendants, from any and all claims, demands, obligations, actions, causes of action, damages, whether based in tort, contract, statute, or otherwise, arising from the 4AC, to include the 4AC and all Counts and all forms of relief sought by the 1,063 Class Members through the 4AC against StemGenex Defendants, that arose within the Subclass periods certified by the Court.

4. The Court **DISMISSES WITH PREJUDICE** the Action and all Released Claims. These dismissals are without costs to any party, except as specifically provided in the Agreement. The Settlement shall be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Plaintiffs, Settlement Class Members, and Releasing Parties. Without affecting the finality of this Final Approval Order, the Court **RETAINS JURISDICTION** over: (a) implementation and enforcement of the Agreement pursuant to further order of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties shall have been performed pursuant to the Agreement; (b) any other action necessary to conclude this Settlement and to implement the terms of the Agreement; and (c) the construction and interpretation of the Agreement.

**IT IS SO ORDERED.**

Dated:  February 25, 2022

Hon. Anthony J. Battaglia
United States District Judge